PETER LAUGHLIN, PLAINTIFF IN ERROR, v. D. C. KAVANAUGH, DEFENDANT IN ERROR.

1. **Practice**: SETTING ASIDE VERDICT IN REPLEVIN. The only manner in which this court will set aside the verdict of a jury in a district court in an action of replevin is by reversing the judgment of said court in sustaining and refusing to set aside such verdict.

2. **New Trial.** A new trial will in no case be granted in an action at law while a verdict of a jury in such action remains in force.

ERROR to the district court of Platte county. Tried below before GEORGE W. POST, J.

*Byron Millett*, for plaintiff in error.

*Cornelius & Sullivan* and *George G. Bowman*, for defendant in error. '

COBB, J.

This cause was submitted to the court by stipulation of the parties without brief or argument of any kind. There was no bill of exceptions, the record consisting of the pleadings, general verdict and special findings of the jury, judgment, and petition in error. The action was replevin in the *detinet* for certain pieces of mural marble. The defendant answered by a general denial. The jury found a general verdict, "the value of the property in question two hundred dollars. That the plaintiff is the owner of the property now, and was at the time of the commencement of this cause; that the said defendant is entitled to the immediate possession thereof; that the plaintiff wrongfully took the said property; that the value of the defendant's possession of, in, and to the said property is one cent; and that said defendant is entitled to one cent damages for the wrongful taking of said property." There are also nine special findings, as follows:

1. Was there a partnership proved between the defendant Laughlin and one James F. Bronlette, on or about the first of October, 1880, at the city of Columbus, Nebraska? A. We did not find any legal partnership.

2. If your answer is yes, what was the nature of the partnership business? A. Nothing.

3. Was the property replevied in this action a part of the assets of such partnership? A. No.

4. When was such partnership dissolved? A. Never existed.

5. When this action was begun, on the twenty-second day of April, 1881, and the property replevied herein, did the defendant Laughlin hold this identical property by virtue of an order of delivery in replevin out of the county court in and for Platte county on the thirtieth day of December, 1880, in a certain action in such court wherein said Laughlin and James H. Bronlette were plaintiffs and said D. C. Kavanaugh was defendant? A. Yes.

6. If your answer is yes, to last question, is such action now pending in this court? A. Yes.

7. What was the value of said property at the commencement of this action? A. Two hundred dollars.

8. What was the value of the plaintiff Kavanaugh's interest and also the defendant Laughlin's interest in such property at that time? A. Kavanaugh's interest, one hundred and fifteen dollars; Laughlin had no interest at that time.

9. What was the value of Peter Laughlin's possession of the property in question at the time of the commencement of this action? A. None.

There was no motion to set aside these verdicts or either of them or for a new trial. The court rendered judgment thereon "that the said plaintiff retain the property in controversy in this case, and it is further considered and adjudged by the court that the said defendant have and recover of and from the plaintiff one cent damages and one cent value of possession of the said defendant in and to the property in question, as found by the jury, and his costs herein expended, taxed at $36.43."

The defendant in the court below now brings the cause to this court on error. He assigns several errors, or rather one error in several different ways, to-wit: that the special findings are inconsistent with each other, and neither sustain the general verdict nor do they with the general verdict sustain the judgment.

Having neither the testimony in the case nor brief of counsel to which to refer, this court can only be expected to take a general view of the point thus presented. The plaintiff in the court below, by his affidavit and petition, claims to be the owner of the chattels replevied. The jury, by their general verdict, find the value of the property to be two hundred dollars, and by the eighth paragraph of their special findings they find the value of the plaintiff's interest in the said chattels at one hundred and fifteen dol-

lars.   And so the plaintiff in error claims in his petition in error that the plaintiff below did not recover *secundum allegata*.   This objection may have been well taken, had the attention of the trial court been called to it, but made for the first time in the petition in error, and neither sustained by bill of exceptions nor explained by brief or argument, this court must presume the existence of something in the case not disclosed in the record which would prevent its application.

In the case of *Mills v. Miller*, 2 Neb., 299, at page 317 of opinion, this court, by Mr. Justice CROUNSE, say: "Appellate courts are provided to review the proceedings and correct the errors of inferior ones.   Before a party is entitled to be heard here, he must have exhausted his remedy in the court below.   For that purpose he must have presented the several questions of law fairly and fully, and must have obtained an unequivocal ruling thereon.   If dissatisfied with the decision of the court he may preserve an exception   *   *   *   We will not guess that error was committed.   It is the duty of the party complaining, not only to show that error occurred prejudicial to him, but to present here a record showing affirmatively and clearly that such is the fact."

An examination of the provisions of the statute regulating replevin, §§ 190, 191 and 191a, of the civil code, cannot fail to show that the plaintiff in error has no remedy while the verdict stands against him, and before he can ask this court to set aside said verdict he must have been denied the same by the district court.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.