IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, A. D. 1892.

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
HON. T. L. NORVAL, } JUDGES.
HON. A. M. POST,

## J. W. KELLY v. C. H. WATTS.

33   729<br>48   858

[FILED JANUARY 12, 1892.]

**Review.** In an action to recover for work and labor, the defense was partnership. It appeared that a partnership had existed between the plaintiff and defendant which had been published as being dissolved. This was claimed by the defendant to be a blind to keep off creditors of the plaintiff and by the latter to be a *bona fide* dissolution and thereafter he worked for his former partner by the month. *Held,* That the testimony did not preponderate against the verdict to such an extent as to show it was clearly wrong.

ERROR to the district court for Furnas county. Tried below before COCHRAN, J.

*C. B. Roberts,* and *McClure & Anderson,* for plaintiff in error.

*A. Y. Wright*, and *J. P. Lindsay, contra.*

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiff in error to recover for work and labor performed for him. The answer is as follows:

"For further answer and defense to plaintiff's petition he alleges the facts to be, that on or about the 16th day of June, 1887, the plaintiff and defendant herein entered into and formed a partnership under the firm name and style of 'J. W. Kelly & Co.,' for the purpose of opening and running a meat market, or butcher shop, and the buying, selling, handling, and shipping of hides, poultry, etc., in Beaver City, Furnas county, Nebraska; that it was understood and agreed between said plaintiff and this defendant that each partner was to contribute one-half of the capital, bear one-half of the expenses and losses, and to devote his time and efforts to the prosecution of the business; that the labor of plaintiff and his team performed as set out in his petition, and the ice, beef, board and all materials furnished by plaintiff as set out in his petition, were performed and furnished in and about the prosecution of said partnership business and constituted a part of the capital and means which the plaintiff was to furnish and contribute in the carrying on and prosecution of said partnership business; that said partnership business was carried on until on or about the 6th day of February, 1888, and that no settlement of the partnership accounts of said firm has ever been had, nor has a settlement of said partnership business ever been made, between the parties to this action, who constituted the sole and only members of said firm."

The reply is a general denial.

On the trial of the cause the jury returned a verdict for the defendant in error for the sum of $228.35, upon which judgment was rendered.

The testimony tends to show that in the spring of 1887 the plaintiff and defendant entered into partnership in the meat business at Beaver City; that this partnership continued for seven days when an advertisement was published in a local paper by the plaintiff and defendant announcing the dissolution of the partnership. It is claimed on behalf of the plaintiff in error that this advertisement was a mere blind to keep off certain creditors of the defendant in error. On the part of the latter it is contended that the dissolution of the partnership was *bona fide;* that he was thereupon employed by the plaintiff in error at $50 per month.

There is considerable testimony, principally admissions of the defendant in error, tending to show the existence of a partnership, but upon examining the whole of the testimony we are not convinced that the verdict is wrong. The case was one proper to submit to a jury, and in the condition of the proof, this court will not disturb the verdict. The judgment is therefore

AFFIRMED.

THE other judges concur.