RAILSBACK, MITCHELL & CO. V. ALEXANDRIA V.
PATTON.

[FILED MAY 18, 1892.]

1. **Garnishment Sale:** RIGHTS OF THIRD PARTY: PURCHASER
   WITH, ACTUAL NOTICE. A mother loaned her son $2,000
   and received from him a chattel mortgage upon a crop of
   corn in the field; 876 bushels of this corn were stored with
   R. M.& Co., when one M. recovered a judgment against the son,
   and the officer being unable to levy upon the property returned
   the execution unsatisfied, whereupon proceedings in garnish-
   ment were instituted against R. M. & Co., who answered, ad-
   mitting the possession of the corn, and an order of sale was
   thereupon issued to the officer, who levied upon the corn and
   advertised it for sale at a time and place stated. An hour or
   two before the time stated for the sale the mother instituted an
   action of replevin, and notice thereof was served upon the
   officer before the sale, and the plaintiff also had notice of the
   mother's claim, but notwithstanding purchased the corn. *Held,*
   That a verdict in favor of the mother was supported by the
   clear weight of evidence.

2. ——: ——: ——. A purchaser who has actual notice of
   the claim of a third party in the property, purchases subject to
   such rights, although the instrument under which the third
   party claims is not upon record.

3. **Witnesses:** EVIDENCE. Where a witness has testified that cer-
   tain things transpired in the presence of a party to the suit and
   such party in his testimony says that he does not remember
   whether or not the things stated took place, this is not a denial
   of the testimony of the first witness.

ERROR to the district court for Saunders county. Tried
below before POST, J.

C. *Thompson,* for plaintiffs in error, cited: *Gillilan v.
Kendall,* 26 Neb., 82; *Adams v. Bank,* 53 Ia., 491; Jones,
Chat. Mtg., sec. 63; *Bank v. Delano,* 48 N. Y., 326.

O. C. *Tarpenning,* and G. I. *Wright, contra.*

MAXWELL, CH. J.

This is an action of replevin brought by the defendant in error against Edward P. Folsom. The plaintiff in error intervened in the action. On the trial of the cause the jury found the right of property and the right of possession thereof to be in the plaintiff below (defendant in error), and a motion for a new trial having been overruled, judgment was entered on the verdict.

There is but little conflict as to the material facts in the case. In December, 1885, one A. S. Von Mansfelde recovered a judgment against one George M. Patton, a son of the defendant in error before a justice of the peace. An execution was issued on the judgment and returned unsatisfied; thereupon proceedings in garnishment in aid of execution were had against Railsback, Mitchell & Co., the plaintiffs in error, in whose possession the justice found there were 876 bushels of corn, the property of George M. Patton. This corn the justice directed Folsom, who was a constable, to sell and bring the money into court. From one to two hours prior to the sale the defendant in error, who had instituted an action of replevin to reclaim the corn, levied upon the same under the writ. The return of the sheriff does not show the hour of service, but the officer swears that the writ was served five minutes before 12 o'clock noon, while the sale took place between 1 and 2 o'clock P. M. the same day. There is an attempt on the part of Mr. Folsom to deny service upon him before the sale, but the clear weight of the testimony shows that he had been served, although the officer with the writ of replevin did not commence to remove the corn from the crib until about 4 P. M. of that day.

The testimony also tends to show that the defendant in error is the mother of George M. Patton; that she had loaned money to her son in quite a large amount, and had taken a chattel mortgage on a growing field of corn; that

the mortgage had not been filed for record, but the defend-ant in error before the sale notified Mr. Railsback, one of the plaintiffs in error, of her interest in the corn; she tes-tifies positively to this, and is corroborated by other wit-nesses, while Mr. Railsback says he does not remember. An answer of that kind may be made in good faith or it may be a mode of avoiding a direct answer to a question. We cannot determine the motive of the witness, but only the result of such a denial, if a denial it may be called. It is more properly in a case like this where a direct answer as to knowledge or the want of it, can be made, an equivo-cation. It falls far short of a denial. He purchased the corn in question, therefore, with full notice of the defend-ant in error's rights in the premises, and is in no sense a *bona fide* purchaser. The testimony also clearly shows that the mortgage from the son to his mother was made in good faith to secure a *bona fide* debt, and as the plaintiffs had actual notice of it, the question of the failure to record the same does not arise in the case. So of the question of the change of form of the corn from corn in the field to that husked and stored in a crib. It is pretty evident that the constable ought not to have sold the corn after the writ of replevin had been served upon him, but the plaint-iffs in error bought with knowledge of the facts sufficient to put them upon inquiry as to the ownership of the corn. It is probable that the money has been held by the justice and will be returned to them, but that question is not in this case.

Complaint is made that the plaintiffs in error are taxed with all the costs in the case, whereas in no event are they liable for costs which accrued before they inter-vened. That is true. The remedy, however, is in a mo-tion to retax in the court below. If there is error in the ruling on such motion, the order may be reviewed in this court. It is unnecessary to review the instructions at length. Taken together they seem to be substantially cor-

rect.    There is no material error in the record and the judgment is

AFFIRMED.

NORVAL, J., concurs.

POST, J., did not sit.