JOSEPH A. CONNER V. DANIEL S. DRAPER.

[FILED JUNE 11, 1892.]

1. **Review**: PREPONDERANCE OF EVIDENCE. Where, in an action tried to a jury, there is evidence to sustain the verdict, the supreme court will not set it aside and grant a new trial because the bare preponderance of the evidence seems to be against the verdict.

2. ———: INSTRUCTIONS. *Held*, That the instructions fairly submitted the issues to the jury.

3. ———: WHEN DOCUMENTARY EVIDENCE is excluded on the trial, the same must be incorporated in the bill of exceptions in order that this court may review the rulings of the trial court thereon.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*B. S. Ramsey*, for plaintiff in error.

*Byron Clark, contra.*

NORVAL, J.

Daniel S. Draper brought suit in the district court against plaintiff in error for the sum of $1,050.30, claiming the same as a balance due him upon a settlement between the parties of their partnership and individual accounts. Upon the trial the jury returned a verdict for plaintiff below for $600.30, for which sum judgment was rendered.

We are asked to reverse the case on the ground that the evidence fails to sustain the verdict. It is admitted that for some time prior to July 9, 1889, the parties were partners in the grain business at Cedar Creek, Cass county; that by the terms of the agreement Draper was to receive thirty-five per cent of the profits thereof; that on said date the partnership was dissolved and a settlement was had between

them, in which there was found to be due Draper the sum of $1,161.30. Since the settlement Conner has paid Draper $110. There is a conflict in the testimony as to what matters were included in this settlement. The testimony of defendant in error tends to show that the settlement included all matters of difference between them in both their partnership and individual transactions, and that the last above mentioned amount was found to be due him from Conner. On behalf of plaintiff in error testimony was introduced, to the effect that prior to the settlement Draper had drawn out of the partnership business, for his own personal use, several hundred dollars, and that the settlement did not include the money thus drawn out by him. While upon this branch of the case plaintiff in error is sustained by the greater number of witnesses, yet Draper having testified positively that the settlement covered all claims, partnership and individual, including money drawn out of the firm business by him for his own use, and the question having been submitted by the court to the triers of fact, upon proper instructions, we must accept as established all that the testimony of defendant in error tends to prove. The supreme court will not set aside the findings of a jury and grant a new trial because the bare preponderance of the evidence seems against the verdict. After the partnership was dissolved Draper was employed by Conner, at a salary, to conduct the grain business at Cedar Creek for him. Plaintiff in error introduced evidence to show that there was a large shortage in grain bought by Draper while he was in the employ of Conner after the settlement, and that this shortage was the result of Draper's negligence. While Draper, in his testimony, gives a reasonable explanation of how the shortage in the grain occurred, yet the jury must have allowed $446 on the counterclaim of plaintiff in error for damages, as Draper's claim was cut down that amount by the verdict. The damages allowed were to the extreme limit of the evidence.

We have examined the two instructions complained of and find that they are unobjectionable. The court, with perfect fairness, submitted the conflicting evidence to the jury.

Objection is made because the court excluded as evidence certain stubs of checks alleged to have been drawn by Draper in his own favor on the partnership funds. As these stubs are not preserved by bill of exceptions, we are unable to determine whether the court erred in ruling them out. Where documentary evidence is excluded, the same must be incorporated in the bill of exceptions, in order that this court may review the ruling of the trial court thereon.

There is no reversible error in the record, and the judgment of the district court is

AFFIRMED.

THE other judges concur.