REED BROS. & COMPANY v. R. T. DAVIS MILLING COMPANY.

FILED JUNE 30, 1893.   No. 5081.

Assumpsit: EVIDENCE:. REVIEW. In an action on account for flour sold and delivered, a number of defenses were set up which the proof failed to sustain, and the jury having found for the plaintiff, *held*, that the judgment was right and no error in the record.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J.

*H. D. Travis*, for plaintiff in error.

*A. N. Sullivan* and *Gregory, Day & Day*, contra.

MAXWELL, CH. J.

This is an action upon an account for flour sold and delivered to recover the sum of $261, with interest from September 1, 1890.

To the petition the defendant below filed an answer as follows:

" Comes now the defendant herein and for answer to plaintiff's petition admits that the plaintiff is a corporation duly organized under the laws of the state of Missouri; admits that the defendant is a corporation organized under the laws of the state of Nebraska and doing a general merchandise business at Weeping Water, Nebraska.

" 2. Defendant admits that on or about the 1st of September, 1890, the defendant purchased of and from the plaintiff a bill of goods, to-wit, flour; that the said flour was sold to defendant by plaintiff, the price of which was $633.20. But at the time of said sale and before the same was consummated the plaintiff, by its agent, stated and represented and warranted to the defendant that the aforesaid flour was first-class and equal to the brand of flour which defendant was selling at that time, and which said brand of flour was first-class. That defendant, relying on the aforesaid statements and representation so made by plaintiff, purchased the aforesaid flour, and agreed to pay the sum of $633.40 therefor in case flour was as represented; and by reason of the aforesaid warranty of plaintiff, defendant was induced to accept said flour, and place it upon the market, and to retail the same to its customers.

" 3. That the aforesaid representations made by plaintiff as to the quality of the said flour purchased were not true, but that said flour was of an inferior grade or quality and of entirely different quality from that which defendant agreed to purchase from plaintiff, and of but little value, and which plaintiff agreed to furnish defendant, and that said flour purchased from plaintiff was wholly unfit for use.

" 4. That it notified plaintiff that said flour was not flour as plaintiff represented it to be, and returned the same to plaintiff, whereupon the plaintiff represented to defendant that it had changed said flour for a better quality, and re-

turned to defendant; but defendant represents the fact to be that plaintiff did not change all of said flour, whereupon defendant returned said flour to plaintiff.

"5. That at the time of the purchase of said flour from plaintiff it had a large and valuable trade in flour and had the confidence of all its customers in that line of trade, but that by reason of the bad quality of the flour purchased from the plaintiff, and believing the representations of plaintiff to be true, and having sold some of said flour and recommended it to be as good quality as the brand of flour which it had been selling heretofore, defendant lost its retail flour trade, to the very great damage of defendant in the sum of $500.

"6. Defendant further represents that plaintiff is indebted to the defendant in the sum of $43.60, money paid out for use and benefit of plaintiff by defendant in connection with the transaction aforesaid.

"7. Defendant denies each and every allegation in plaintiff's petition contained not herein specifically admitted.

"Wherefore, by reason of the breach of warranty of plaintiff of the flour aforesaid, and the misrepresentation and fraud of plaintiff, the defendant has been damaged in the amount of $500; and plaintiff is indebted to the defendant for money paid out for plaintiff in the sum of $43.60. Defendant therefore prays judgment for $543.60 and the costs of this suit."

The reply need not be noticed.

On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $231, upon which judgment was rendered.

No objection to the instructions is made in the plaintiff in error's brief. It is true the rule as to the measure of damages as contended for is stated. Whether the rule contended for is correct or not we need not determine, as it is not alleged that the jury disregarded the instructions given by the court.

It is contended that one Underwood, an agent of the defendant in error, was permitted to testify as to the quality of the flour sold without showing any qualification in that line. The proof clearly shows that Underwood was engaged in selling flour in the different markets of Nebraska and knew what flour was worth at Weeping Water. It is apparent that there is no real defense to the action and that the judgment is right. It is therefore

AFFIRMED.

THE other judges concur.