JOHN P. WAGNER v. WILLIAM STEFFIN ET AL.

FILED NOVEMBER 21, 1893.   No. 5039.

1. **Sale:** LIEN OF UNRECORDED CHATTEL MORTGAGE: NOTICE. One who purchases personal property with knowledge of a prior, unrecorded mortgage thereon, takes subject to the lien created by such mortgage.

2. **Evidence** examined, and *held* to sustain the finding that the plaintiff, who claims under a bill of sale of personal property, had actual notice of a prior, unrecorded mortgage thereon.

ERROR from the district court of Gage county.   Tried below before APPELGET, J.

*Griggs, Rinaker & Bibb,* for plaintiff in error.

*George A. Murphy, contra.*

Post, J.

The controversy in this case involves the proceeds of a crop of corn raised in the year 1888 by Eckel, a tenant of one Charles Stoll, on a farm owned by the latter in Gage county. The plaintiff claims under a bill of sale executed by Eckel October 30, 1888, and filed for record November 10, following, while the defendants rely on the title of Stoll through an unrecorded written lease executed by the latter and Eckel May 15, 1888, in which it is provided that he, Stoll, shall have a lien on all crops grown on said premises to secure the stipulated rental, viz., $250, on or before December 1, 1888, with power " to enforce the same as though he had a chattel mortgage with power of sale." Subsequent to the execution of the mortgage above described Eckel gathered the corn and delivered it to the defendants, with the consent of the plaintiff. After the delivery of the corn payment therefor was demanded by both the plaintiff and Stoll. Defendants elected to pay the money to Stoll on the ground that the latter was entitled to priority by virtue of his contract with Eckel, and accordingly refused to account to the plaintiff.

The first contention of the plaintiff is that he is entitled to priority as against the unrecorded lien of Stoll without regard to the question of notice. In that view we cannot concur. Prior decisions of this court have been uniformly to the effect that the provision relied upon (sec. 14, ch. 32, Comp. Stats.) does not apply where the party seeking its protection is shown to have purchased with actual notice of a prior unrecorded mortgage. (See *Conchman v. Wright*, 8 Neb., 1; *Gillespie v. Brown*, 16 Neb., 461; *Earle v. Burch*, 21 Neb., 702; *Railsback v. Patton*, 34 Neb., 490.) As said in *Gillespie v. Brown*, the provision for the filing of a chattel mortgage was designed to give notice to the world of the liens thus created, together with the amount, terms, and conditions thereof, and not for the protection of

purchasers who took with actual notice of all that the record would impart.

The only other question is the sufficiency of the evidence to show actual notice by plaintiff of Stoll's lien. There is a sharp conflict in the proof on that point. The agent for Mr. Stoll testifies positively that he personally notified plaintiff of the prior lien on the corn, while the latter as positively denies the notice. That issue was fairly submitted to the jury, and its finding is conclusive upon us. The judgment of the district court is

AFFIRMED.