WARD S. MILLS v. GEORGE LEAVITT.

FILED JANUARY 2, 1894.   No. 5437.

Real Estate Agents: REVIEW OF JUDGMENT FOR COMMISSION.
In an action by a real estate agent to recover a commission al-
leged to have been earned by himself in procuring a satisfactory
purchaser of the real property of the defendant, the sole matter
in controversy having been whether payment was essentially
conditioned upon the happening of a subsequent event, the ver-
dict of a jury upon that point, being supported by competent
evidence under proper instructions of the court in respect to the
matters in controversy, will not be disturbed.

ERROR from the district court of Lancaster county.
Tried below before HALL, J.

*Mockett, Rainbolt & Polk,* for plaintiff in error.

*Leese & Stewart, contra.*

RYAN, C.

This suit was brought by George Leavitt, a real estate
agent of Lincoln, Nebraska, against Ward S. Mills, by
whom Leavitt alleged he was employed as such agent to
sell certain lots owned by Mills, on terms specified; and
Leavitt having, as he averred, fully complied with all pre-
requisites necessary thereto, was, as he alleged, entitled to
recover $180 as fair compensation, and interest thereon,
for his said services.   There seems to be no contention made
by plaintiff in error, except as to whether or not an essen-
tial part of the contract was that Leavitt was to receive no
payment unless sufficient was paid by the purchaser to serve
that purpose.   Upon this point the court instructed the
jury as follows:

"If you believe from the evidence that the defendant
agreed to pay said commission upon getting a loan on the

several houses and lots, and if you find from the evidence that said loans were obtained, then your verdict should be for the plaintiff for $180, with interest at seven per cent per annum from date said loans were obtained to February 1, 1892, the first day of this term of court.

"If you believe from the evidence that by agreement of the parties to this action the said commissions were not to be paid by defendant until he had obtained from the purchaser, Algur, the first payments to be made by said purchaser on said lots, and if you find from the evidence that such first payments have not yet been made, then your verdict should be for defendant."

If the verdict had been for the defendant, it is at least doubtful whether or not the first paragraph above quoted would have vitiated it, for plaintiff's right of recovery was thereby governed by considerations much narrower than were proper under the evidence. Whatever criticism might justly be made upon that paragraph is not material, for in any event only the defendant in error could complain. The second paragraph quoted very fairly stated the law as applicable to the defense made in the answer, and had the support of sufficient evidence to render it proper to be given. The verdict of the jury thereon was fully justified and the judgment of the district court is therefore

AFFIRMED.