## FRANCIS C. FULLER V. DENNIS CUNNINGHAM.

FILED JUNE 16, 1896.   No. 6753.

1. **Review: CONFLICTING EVIDENCE.** A verdict not clearly against the weight of the evidence will not be disturbed, though there may have been sufficient evidence to support a contrary verdict.

2. ————: QUESTIONS NOT RAISED BELOW. Questions not raised before and considered by the trial court on the hearing of a case will not be available when raised in this court.

3. ————: LAW OF THE CASE. Decisions upon points involved in a case, made by this court on a former hearing, become the law of the case, and if the cause be brought again to this court they will not, as a rule, be re-examined, or the rulings then made reversed, unless manifestly incorrect.

4. **Instructions.** Objections to instructions examined, and *held* not well taken, and instruction requested *held* properly refused.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*C. A. Baldwin* and *Weaver & Giller*, for plaintiff in error.

*Cowin & McHugh, contra.*

HARRISON, J.

Dennis Cunningham commenced this, an action of replevin, in the district court of Douglas county against Francis C. Fuller to recover the possession of a frame building in South Omaha, in which there had been and was being conducted a retail liquor business or saloon; also, to recover the bar and fixtures, all furniture, and other articles in use in the building and business. There was a trial of the issues and judgment for defendant, which in error proceedings in this court was reversed and the cause remanded to the trial court for further proceedings. For a report of the former decision see 35 Neb., 58. A second trial in the district court resulted in a verdict and judgment for the plaintiff, hence the pre-

sentation of the case here on error on behalf of the defendant Francis C. Fuller. Cunningham's claim to ownership and right of possession of this property in controversy was predicated upon an alleged purchase of it by him during the month of October, 1887, of Groner & Yates, a firm then in the retail liquor business in the building. Fuller's rights in the premises were grounded in an alleged purchase of the property from George W. Duncan, who asserted a sale to him by Groner & Yates of the same date as the alleged purchase by Cunningham, or that the transactions which were stated to constitute a purchase by Cunningham in reality made a sale to Duncan.

It is insisted in the argument in the brief filed for Fuller that the verdict was not supported by the evidence, and was contrary to the evidence. We have carefully examined and considered the evidence, and while doubtless it would sustain a verdict directly to the contrary of the one returned by the jury, it was sufficient to support the determination of the issues made by the jury as embodied in its verdict, and, agreeable to the established rule, the verdict will not be disturbed. (*Kelly v. Watts*, 33 Neb., 729; *Conner v. Draper*, 34 Neb., 871; *Reed v. Davis Milling Co.*, 37 Neb., 391; *Wagner v. Steffin*, 38 Neb., 392; *Mills v. Leavitt*, 38 Neb., 580.)

It is argued that the court erred in admitting certain evidence. Of the admission of this evidence there was no complaint, either generally or specifically, in the motion for a new trial, and the question presented, not having been raised by such motion, will not be considered at this time. (*Becker v. Simonds*, 33 Neb., 680.)

At the former hearing of the case in this court it was of the errors assigned that the trial court erred in refusing to give a certain instruction quoted in the opinion then announced, and it was held that the trial court erred in refusing to give the instruction. Conformably to that holding of this court, the trial court, on the second trial of the cause, gave the instruction alluded to,

and its giving is now urged as erroneous. What was said in the former decision in regard to the instruction under consideration became the law of the case, and the question should not, and will not, ordinarily, in a second hearing in this court, be re-examined, or the ruling then made reversed, unless manifestly incorrect. (*City of Hastings v. Foxworthy*, 45 Neb., 676.) Furthermore, the instruction in question was proper and its giving not erroneous; hence we will adhere to the former ruling of the court in respect to it.

It is assigned and urged that the trial court erred in refusing to give an instruction prepared and tendered by the counsel for defendant. The instruction, the refusal to give which is the burden of this complaint, did not embody in its statements any theory of the case advanced or urged by either party to the cause, it was inapplicable to the facts developed in evidence, and had it been given and a verdict returned by the jury responsive to its directions, it must, on motion, have been set aside as unsupported by the evidence. The judgment of the trial court is

AFFIRMED.