CHARLES H. MORRILL, RECEIVER, APPELLANT, V. CLARK
M. CRAWFORD ET AL., APPELLEES.
CHARLES H. MORRILL, RECEIVER, APPELLANT, V.
CHARLES E. SHAW ET AL., APPELLEES.

FILED APRIL 21, 1897. No. 7247.

**Review: CHANGE OF THEORY IN APPELLATE COURT.** Where an action was brought by the receiver of an insolvent bank against one who had held some of its unpaid stock, and his transferee thereof, for the amount of an assessment thereon, in which action it was

sought to obtain judgment against one defendant if certain allegations of fraud against him should be sustained by the proofs to be adduced, and if not so sustained then against the other defendant, the cause must be tried on appeal as one for alternative relief; and the evidence not being found sufficient to charge the original holder of the stock on the theory proceeded on against him in the district court, he cannot be held liable in the supreme court on a different theory.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.  *Affirmed.*

*Sawyer, Snell & Frost,* for appellant.

*Pound & Burr, contra.*

RYAN, C.

There were tried two cases in the district court of Lancaster county upon the same evidence, and from an adverse judgment in each C. H. Morrill, as receiver, who was plaintiff in both cases, has appealed. It will not be necessary to describe the issues in both these cases, for the reason that they are alike and the conclusion reached in one must govern in the other. The petition in the case of Charles H. Morrill, receiver, v. Clark M. Crawford and Henry O. White contained averments of the appointment of Morrill as receiver of the Nebraska Savings Bank in July of 1893; that the capital stock of said bank was $250,000, divided into shares of $100 each, and that the defendant Crawford was the owner of ten of these shares, on which there had been paid but twenty per cent of their par value. There was in the petition the following language: "That on or about the 15th day of February, 1893, the said Nebraska Savings Bank was insolvent and known to be insolvent by said Crawford, and, in order to exonerate himself from liability to the creditors of the Nebraska Savings Bank by reason of the unpaid part of his shares of stock, amounting to eighty per cent of the face value thereof, the said Crawford, who was then and had been for some time a di-

rector in said Nebraska Savings Bank, transferred said shares to his co-defendant, Henry O. White, on the books of the said Nebraska Savings Bank, and had a new certificate issued to, and in the name of, the said Henry O. White for said shares, being certificate No. 246; that said transfer was made without consideration and with the view on the part of said defendants of allowing said Crawford to escape his liability thereon; that said Henry O. White was, at the time of said transfer, wholly insolvent, which fact was known to said Crawford at said time; that said White is now and at all times since said transfer has been insolvent, and that the said transfer was made with the view of defrauding the creditors of the said Nebraska Savings Bank and for no other purpose whatever, and was and is void as to them and this plaintiff." Following these averments, there were allegations which need not be described further than in general terms to say that thereby were made to appear an assessment of twenty per cent made on May 19, 1893, on the par value of the shares referred to, and the refusal of the defendants to pay, as well as the insolvency of the bank. The prayer of the petition was as follows: "Wherefore the plaintiff prays that the transfer of the said stock of the Nebraska Savings Bank by the said Clark M. Crawford to the said Henry O. White be set aside as fraudulent and null and void, and that the said stock be decreed to be the property of the said Clark M. Crawford, and that the said Clark M. Crawford may be decreed, ordered, and adjudged to pay to the plaintiff the said assessment on said stock, viz., $200, with interest thereon at the rate of seven per cent per annum from the 15th day of June, 1893; or, in the event that the court hold that said transfer was not fraudulent and void, then that the defendant Henry O. White may be decreed to pay to plaintiff the sum of $200, with interest as aforesaid, and for such other, further, and different relief as may be just and equitable, including costs of suit." There was an answer filed by Crawford, in which there

were denied the averments of the petition by virtue of which his liability was sought to be established. There was no appearance by White, and after he had been duly called in open court his default was entered, upon which judgment was subsequently rendered for the amount above prayed in the alternative against him. At the same time the judgment was rendered against White there was rendered a judgment in favor of Crawford. The receiver, by this appeal, seeks to have Crawford held liable for an amount equal with that of the judgment rendered against White.

It is urged by the appellant in argument that the liability of a transferee of the stock of a bank is merely cumulative, and that, therefore, the transferrer, Crawford, was not released by such transfer. The petition sought to hold Mr. Crawford upon allegations that he had transferred his stock fraudulently to escape liability, and the prayer was accordingly in the alternative that Mr. Crawford alone be held liable if such fraudulent purpose should be made to appear by the evidence; or that, if the proposed proof failed, only Mr. White should be held liable. By taking judgment against Mr. White by default, the receiver might be said to have made his election which of those two alternatives he was satisfied to accept, and that in this court he could not now insist upon relief as though there was no alternative prayer. Ordinarily a cause must on appeal be tried on the same theory as in the district court. (*Shaw v. Robinson*, 50 Neb., 403.) We have carefully examined the evidence and have found that there was sufficient to justify the court in finding that Crawford's transfer of his stock was not fraudulent, and, therefore, consistently with the theory on which this case was tried, the judgment of the district court was right and must be

AFFIRMED.