ROBERT A. BATTY ET AL., APPELLEES, v. CITY OF HASTINGS
ET AL., APPELLANTS.[*]

FILED JUNE 18, 1903. No. 11,671.

1. **Appeal:** QUESTIONS NOT CONSIDERED BELOW. This court need not
   consider upon appeal questions which were not presented to or
   adjudicated by the trial court.

2. **Questions Not Raised in Briefs.** An appellant should present in his
   briefs all the grounds upon which he seeks a reversal or modifica-
   tion of the decree appealed from; he will not be permitted to seek
   a modification as to matters not challenged in his briefs, when
   defeated in an attempt to secure reversal of the entire decree.

3. **Case Distinguished.** *Orr v. City of Omaha,* 2 Neb. (Unof.) 771,
   distinguished.

APPEAL from the district court for Adams county: ED
L. ADAMS, DISTRICT JUDGE. Motion for rehearing and to
modify judgment of affirmance. *Motion denied.*

*L. J. Capps,* for appellants.

*J. B. Cessna* and *Batty & Dungan, contra.*

*W. C. Lambert* and *James H. Adams, amici curiæ.*

* See former opinion, *Batty v. City of Hastings,* 63 Neb. 26.

POUND, C.

Two motions for a rehearing have been denied. A motion is now made to vacate the order denying a rehearing and to modify the judgment of affirmance in accordance with the case of *Orr v. City of Omaha*, 2 Neb. (Unof.) 771. It seems desirable to state the reasons for denying this motion.

This suit was brought to enjoin the collection of certain paving assessments. The petition sets up the levy of the assessments and their invalidity, and the decree finds the allegations of the petition to be true, and grants an injunction, as prayed for. The decree relates to paving assessments only, and the allegations of the petition throughout, with a solitary exception where, in describing a paving assessment, the word "curbing" is added, are directed to assessments for paving only. There are no allegations sufficient to challenge a curbing and guttering assessment, valid or invalid, if one ever existed, and the decree does not purport to enjoin any such assessment. It may be true that the assessments described and enjoined as paving assessments contain curbing and guttering assessments also. If so, this matter should have been brought to the attention of the district court. Instead, the appellant treated the case throughout as one involving paving assessments only. This court need not consider, on appeal, questions which were not presented to or adjudicated by the trial court. *Busch v. Hagenrick*, 10 Neb. 415; *Laughlin v. Kavanaugh*, 15 Neb. 39; *Fuller v. Cunningham*, 48 Neb. 857; *Dayton Spice Mills Co. v. Sloan*, 49 Neb. 622. In *Mills v. Miller*, 2 Neb. 299, the court said (p. 317):

"Appellate courts are provided to review the proceedings and correct the errors of inferior ones. Before a party is entitled to be heard here, he must have exhausted his remedy in the court below. For that purpose he must have presented the several questions of law fairly and fully, and must have obtained an unequivocal ruling thereon."

It is also well settled that an appellant must present, in his briefs, all the grounds upon which he seeks a reversal or modification of the decree appealed from. We do not say that he may not afterwards assign additional reasons in support of objections already taken. But this court has announced repeatedly that it would not consider objections not raised in the briefs. It follows that an appellant will not be permitted to seek a modification, after judgment of affirmance, as to matters not challenged in his briefs, when defeated in an attempt to secure reversal of the entire decree.

The foregoing considerations, of themselves, suffice to dispose of this motion. But we think it proper to point out that *Orr v. City of Omaha* can have no application to the case at bar. In *Orr v. City of Omaha,* the pleadings referred to paving assessments only. Nevertheless, the decree enjoined collection not only of the paving assessments set forth in the petition, but also of curbing and guttering assessments. The court was unable to determine from the record whether there ever was an assessment for curbing and guttering the street in question. So far as the pleadings showed, there was but one assessment, which was for paving, and was properly enjoined. It was held, in consequence, that such portion of the decree as purported to enjoin a curbing and guttering tax was unsupported by the pleadings and must be stricken out; since, if there was a separate and valid curbing and guttering assessment it ought to be upheld, while if such curbing and guttering assessment was invalid, it was not challenged by the pleadings and was not before the court. In the case at bar, the decree does not purport to enjoin a curbing and guttering assessment. If the paving assessment enjoined contains also an assessment for curbing and guttering, that was a matter which should have been brought to the attention of the trial court. Having tried the case below on the theory that paving assessments alone were in question, the appellant is in no position at this late day to urge the contrary. *Omaha Brewing Ass'n v. Wuethrich,* 47 Neb.

36

920; *Morrill v. Crawford,* 51 Neb. 284; *Woolworth v. Parker,* 57 Neb. 417.

We therefore recommend that the motion be denied.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the motion be denied.

MOTION DENIED.