## WILLIAMS v. WASHINGTON.

1. COSTS—HALF COSTS.—An action to determine the title to a tract of land, with an incidental prayer for partition (which, without disputed title, could have been effected by the act of the parties), the complaint admitting that the plaintiff's interest was subject to the lien of a mortgage which he was willing to pay, but no demand made for foreclosure except by one of the defendants, and both mortgages adjudged invalid, is not an action for either partition or foreclosure, in which cases, the land being worth less than $1,000, the law allows only half costs.

2. IBID.—A defendant was improperly charged with all the costs of an action, where a part had by previous decree been adjudged against a codefendant, and a part had been incurred before this defendant had been brought into the case. Such parts should have been excepted.

3. IBID.—SUCCESSFUL PARTY.—Where a defendant sets up a mortgage which the Supreme Court disallows on appeal, but directs that he shall be paid, without interest, an amount which had been tendered to him, and which had always been subject to his acceptance, he cannot be said to have been a winning party of any matter at issue on such appeal.

Before TOWNSEND, J., Aiken, June, 1894.

Action by Sanders Williams against George Washington and others. The case came to this court on the following exceptions:

(a) Because, it is submitted, his honor erred in not ordering the costs to be taxed at one-half of the true costs, for the reason that he should have held that the case was either a suit for partition or for the foreclosure of mortgages set up by the defendants, and not an action to recover possession of land.

(b) Because, it is submitted, that James Powell not being an original defendant in the case, and coming into the action simply

to foreclose his mortgage, ought not to be charged with all of the costs of the action, under the facts and circumstances and equities of the case, and if charged with any costs at all, he should simply be required to pay a proportion of the costs accrued by the appeal to the Supreme Court.

*Messrs. Henderson Bros.* and *M. B. Woodward,* for appellant.

*Messrs. Croft & Chafee* and *O. C. Jordan,* contra.

March 23, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This being the second appeal in this case, reference must be had to the former decision, in 40 S. C., 457, for a detailed statement of the facts. After that decision was rendered and the *remittitur* sent down to the Circuit Court, his honor, Judge Norton, rendered a judgment in conformity to the views announced in the opinion of the Supreme Court, which concludes with these words: "This decree is without prejudice to the rights of any party as to costs," which must be construed as meaning, except with regard to the costs of the defendant, J. H. Beckman, as it had been expressly adjudged, in a previous part of the decree, "that the defendant, J. H. Beckman, do recover his costs and disbursements herein from the defendant, George Washington."

The question of costs having been thus left open, with the exception above mentioned, it became necessary to adjust the same, and the costs having been taxed by the clerk as set forth in the "Case," to which no exception was taken, so far as the items therein were concerned, two questions were submitted, by agreement, to his honor, Judge Townsend, for decision: 1st. Whether the costs should be taxed at half rates, under the provisions of section 2548 of the Revised Statutes of 1893. 2d. Against whom the costs should be taxed. Judge Townsend held that the case did not fall within either of the classes of cases in which, by the terms of that section, only half costs should be allowed, as the case was not an action for partition or for foreclosure of a mortgage; and that James Powell and George Washington should pay all the costs of this action, and accordingly he so ordered and adjudged. From this judgment

REP.]                    November Term, 1894.

the defendant, James Powell, alone appeals, and by his appeal presents the same questions for the determination of this court as were presented to Judge Townsend, as may be seen by his exceptions, which should appear in the report of this case.

The first question turns upon the inquiry as to what was the nature and object of the action. If it should be regarded as an action either for partition or for the foreclosure of a mortgage, then, as it is conceded that the amounts involved are less than the amounts named in the section above referred to, only half costs can be allowed. But if the action does not fall within either of those classes of actions, then it is clear that there was no error in adjudging that full costs should be charged. We agree with the Circuit Judge that this action cannot properly be regarded as either an action for partition or an action for the foreclosure of a mortgage, and on the contrary we think the real object of the action was to determine the title to the land described in the complaint. It was not an action for partition, as the pleadings show that there was no necessity for such an action, for there was no controversy upon that point, and so far as appears there was not only no objection to a division of the land, but no obstacle in the way of making a partition by the act of the parties. The two defendants, Adaline Williams and Lewis Williams, as tenants in common with the plaintiff, having an interest in the lands in controversy, were proper parties to the action, the real object of which was to determine the title to said lands, and it is manifest that the prayer for the partition was merely incidental to the main object of the action. Nor can the action be properly regarded as an action for the foreclosure of a mortgage, for, in the first place, the plaintiff did not hold, and did not pretend to hold, any mortgage on the premises in controversy. On the contrary, the complaint shows that the plaintiff admitted that his interest in the land was subject to the lien of a mortgage which he had given, and which he was willing to pay. The mortgages of which foreclosure was asked were set up by the defendants in their answer—first by the original defendant, George Washington, and by the other defendants who were made parties after the commencement of the action; and it

may be mentioned, in passing, that neither the mortgage set up by said Washington nor that set up by the appellant, Powell, were sustained as valid claims in their behalf.

We cannot, however, fully agree with the Circuit Judge, that the defendants, "James Powell and George Washington, should pay *all* the costs of the action." As the defendant, George Washington, has not appealed, his rights and interests, even if he could establish any, are not before us for consideration. But the defendant, Powell, has appealed, and although we must say that his conduct, as disclosed by the proceedings in this case, has not been such as to commend him to the favor of the court, yet he is entitled to his legal rights, which must be accorded to him. We do not think that Powell, along with his codefendant, Washington, can be properly charged with *all* of the costs of the action, for two reasons. In the first place, by the decree of Judge Norton, which was not appealed from, it has been adjudged, as we have seen, that the defendant, Beckman, is entitled to recover his costs and disbursements from defendant, Washington, alone, and hence no part of such costs can now be charged against the appellant, Powell. In the second place, it must be remembered that Powell was not, originally, made a party to the action, but was subsequently made a party defendant by the order of the court, and we do not see how he can be charged with any costs which had accrued prior to his being made a party. It seems to us, therefore, that the judgment appealed from should be so modified as to relieve the appellant, Powell, from the payment of any of the costs of the defendant, Beckman, as well as any of the costs accruing before he was made a party to the action.

The position taken by counsel for appellant, in his argument here, that Powell should not be charged with any of the costs incurred by the former appeal, inasmuch as he was not the "losing party," having gained "at least half of what he asked for in the Supreme Court, against nothing in the court below," seems to be somewhat inconsistent with the terms of his second exception, where it is, at least impliedly, admitted that he is liable to pay a proportion of the costs incurred by the former appeal. But, waiving this, and not rest-

ing our judgment upon any such ground, inasmuch as such implied admission may, possibly, be regarded as merely conditional, we do not think that any such position can be sustained. As we understand it, the claim set up by Powell in his answer, was for the foreclosure of the mortgage given him by Washington, and that claim was entirely repudiated, and that mortgage was ordered to be delivered up and cancelled. He did not, and could not have, set up any claim for the one hundred and fifty dollars from the plaintiff, for that was utterly inconsistent with his whole defence, and directly contrary to the claim which he did set up, as well as to his conduct in refusing to accept the one hundred and fifty dollars when offered to him by plaintiff's counsel. The judgment of the Supreme Court simply was, that the plaintiff should pay to him the amount which the plaintiff had all the time expressed his willingness and readiness to pay, but *without interest,* because Powell had refused to accept the tender when made to him by plaintiff. It cannot, therefore, with any propriety, be said that Powell gained *anything* by the former appeal, but, on the contrary, he lost everything for which he had contended throughout the whole case.

The judgment of this court is, that the judgment appealed from, except as modified herein, be affirmed.