DRING, Appellant, vs. MAINWARING and others, Appellants.

*March 15—April 4, 1917.*

*Courts: Jurisdiction: Iowa county court: Action to restrain opening
of highway.*

An action to restrain town supervisors from removing a fence and
opening a highway upon lands occupied by plaintiff not being
within any of the classes of cases specified in ch. 339, Laws 1915,
the county court of Iowa·county had no jurisdiction to enter any
judgment or to take any proceeding therein other than to re-
move the cause to some court having jurisdiction, as provided
in sec. 2836a, Stats.

APPEAL from a judgment of the county court of Iowa
county: GEORGE CLEMENTSON, Judge.   *Dismissed.*

The appeal is from so much of a judgment of the county
court as refused plaintiff his costs.

*J. P. Smelker* of Dodgeville, for the appellant.

For the respondents *John Mainwaring, Thomas Stapleton,*
and *Henry Crook,* supervisors of the town of Wyoming, there
was a brief by *Fiedler & Fiedler* of Mineral Point, and oral
argument by *E. C. Fiedler.*

For the respondent *David Walker* there was a brief by
*James E. O'Neill* of Dodgeville, attorney, and *Gilbert & Ela*
of Madison, of counsel, and oral argument by *Frank L. Gil-
bert.*

ESCHWEILER, J.   After proceedings· had been had to dis-
continue an old highway and lay out a proposed new one over
lands now occupied by the plaintiff, a *mandamus* proceeding
was instituted by the defendant *Walker* to compel the town
board to proceed to open such new highway.   Thereafter
plaintiff commenced this action in the county court of Iowa
county to enjoin and restrain the defendant supervisors from
removing a fence and from opening such highway upon the
lands so occupied by him.   The defendant supervisors inter-

posed no answer, and then the defendant *David Walker* applied for and obtained permission to be made a party and contested the issues with the plaintiff. The case was tried before the judge of the circuit court for Iowa county, who was called in by the county judge. Judgment was entered granting plaintiff the relief he prayed for, namely, declaring that the proceedings as to the highway were null and void from loss of jurisdiction thereover by the town board, but adjudging that no costs should be given to either party as against the other.

The record in this case discloses that the equitable action so sought to be maintained does not come within any of the five classes of cases over which the county court of Iowa county has jurisdiction under the statute creating it, as was determined in the recent case of *State ex rel. Owen v. Reisen,* 164 Wis. 123, 159 N. W. 747.

This being so, the county court had no jurisdiction to enter any judgment or to take any proceedings other than those authorized under sec. 2836a, Stats., requiring such court to remove the cause to some court having jurisdiction.

An examination of the record satisfies us that there was no good reason apparent why the general rule giving to the prevailing party his costs should have been departed from so far as to deny the plaintiff his right to costs against the defendant *Walker.*

*By the Court.*—Appeal dismissed for want of jurisdiction in the county court, and the record remanded to that court with directions to remove the cause to some court having jurisdiction. No costs allowed in this court to either party other than that the clerk's fees be paid by the plaintiff.