DRING, Appellant, vs. MAINWARING and others, Respondents.

*October 9—November 6, 1918.*

*Courts: Lack of jurisdiction: Transfer of action to another court: Jurisdiction of parties: Intervening defendant: Costs: Appeal: Immaterial error.*

1. Under sec. 2836*b*, Stats., although the court in which this action was brought had no jurisdiction thereof, it acquired jurisdiction of the original parties, and also had power to permit another defendant to intervene and acquired jurisdiction of his person, where such intervention took place before the question as to jurisdiction of the action was raised or the issues had been made up so that that question could be determined.

2. Where an action brought in a county court which had no jurisdiction thereof was certified, under sec. 2836*a*, Stats., to the circuit court having jurisdiction, the question of costs remained open, to abide the final decision in the action; and

where that decision was in plaintiff's favor the circuit court had jurisdiction to, and might properly, tax against the defendants plaintiff's costs and disbursements necessarily incurred in the county court which were identical with those which would have been incurred had the action been originally brought in the circuit court. This would not include costs growing out of a trial in the county court, that proceeding being a mere nullity and such costs not being necessarily incurred.

3. Although a judgment of the circuit court in such a case, in which costs were not taxed against a defendant because the court held that it had no jurisdiction to tax them, was erroneous, it is not reversed on appeal, the amount of the costs which might have been taxed being inconsequential.

4. A defendant who, in such a case, had been lawfully permitted by the county court to intervene in the action, could not, after the transfer of the action to the circuit court, withdraw from the case without the permission of the latter court and thereby escape liability for costs.

5. A defendant who has intervened in an action is not chargeable with costs which accrued prior to the time of his intervention.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

This action was brought in the county court of Iowa county to restrain a town board from laying out a highway. The defendant *David Walker* intervened and answered the complaint. The town board did not answer, and *Walker* was the only contesting defendant. The cause went to trial in the county court of Iowa county on the issue raised by *Walker's* answer, resulting in a judgment in favor of the plaintiff. The court, however, declined to grant costs against the defendant *Walker,* and the plaintiff appealed from that part of the judgment to this court. The decision of this court will be found in 165 Wis. at page 356 (162 N. W. 169). It was there held that the county court of Iowa county had no jurisdiction of the case, and it was remanded with directions to the county court to certify it to some court that did have jurisdiction. It was accordingly certified to the circuit court for Iowa county. The defendant *Walker* moved

in the circuit court for Iowa county for permission to with-draw from the case. The court refused to grant him per-mission to withdraw from the case, but did permit him to withdraw his answer, after which there was no issue left. The plaintiff submitted proof to support his complaint in the circuit court for Iowa county, and judgment was again rendered in favor of the plaintiff, with costs against the defendant *Walker*.

The plaintiff served a bill of costs, which included all costs incurred in any manner in the county court of Iowa county, and which was allowed by the clerk. Upon motion to review such taxation of costs the circuit court held that it was without jurisdiction to tax any costs against *Walker* which were incurred in the county court, and allowed the taxation only of such costs as were incurred in the circuit court. Plaintiff brings this appeal from that part of the judgment of the circuit court which denies to him any costs accruing prior to the certification of the case to the circuit court.

For the appellant there was a brief by *J. P. Smelker* of Dodgeville, and the cause was argued orally by *C. H. Crownhart* of Madison.

For the respondent *Walker* there was a brief by *James E. O'Neill* of Dodgeville, attorney, and *E. E. Brossard* of Madison, of counsel, and oral argument by *Mr. Brossard*.

OWEN, J. The question presented is whether the circuit court for Iowa county could lawfully impose upon the de-fendant *Walker* costs which were incurred in the county court. The circuit court held that it was without jurisdic-tion to do so. Ordinarily this would be true, and the only question to be considered is whether the provisions of sec. 2836a and sec. 2836b, Stats., change the situation. Those sections were enacted by the legislature in the furtherance of justice and to prevent the dismissal of actions where a plaintiff commenced his action in a court having no juris-

diction thereof or where he mistook his remedy. In brief, sec. 2836a provides that where the jurisdiction of a court over a pending action is challenged and such challenge sustained, the action shall not be dismissed but shall be certified to some court having jurisdiction thereof; and sec. 2836b provides that where a party has mistaken his remedy his action shall not be finally dismissed, but costs shall be awarded against him and he shall be allowed a reasonable time within which to amend, and the amended action or proceeding shall continue in that court except in case that court has no jurisdiction to grant the relief sought, in which case the action in whole or in such divisible part in which jurisdiction is lacking shall be certified to some other court which has jurisdiction. It also authorizes amendments changing any action from one on contract to one in tort and *vice versa*, from one at law to one in equity and *vice versa*, from a special proceeding to an action and *vice versa*, from any writ to any other writ, from any proceeding or action under or pursuant to any writ to any action and *vice versa*. The judgment in all cases of mistaken remedy shall be *respondeat ouster* and for costs, the latter in the discretion of the court, but with leave to amend and proceed in that court or some other designated court; or part in that court and part in some other court in one or several actions or proceedings, as justice may require.

From the provisions of sec. 2836b it is clearly conceivable that an action brought in a given court of which it has no jurisdiction may be converted into one of which it has jurisdiction, or, if an action be brought of which it has jurisdiction, it may be converted into one of which it has no jurisdiction. It seems to us that it must follow that a court may acquire jurisdiction of the parties even though it has no jurisdiction of the case as originally presented by the pleadings, and while the county court of Iowa county had no jurisdiction of the case as eventually formed by the pleadings it did have jurisdiction of the parties. This certainly

was true as to the original parties defendant. There may be some question as to whether the county court had jurisdiction to permit the defendant *Walker* to interplead. At the time he made application, however, for permission to interplead no question as to the jurisdiction of the court had been raised and the lack of jurisdiction of the court had not been sustained. Neither had the issues been made up so that the character of the case, to enable a determination upon the question of whether the court had jurisdiction thereof, had been disclosed. In other words, the case was in its formative stages, and, even though the court had no jurisdiction of the action as disclosed by the complaint, issues might subsequently have been made up between the parties of which the court would have had jurisdiction. We therefore conclude that the county court did acquire personal jurisdiction of the defendant *Walker;* that it had authority to grant his petition for intervention; and that when he filed his answer to the complaint he was as much a party to the action as the original defendants.

It is to be noted that in cases of mistaken remedy costs are to be awarded against the plaintiff and he is to be allowed a reasonable time in which to amend. Sec. 2836*b*. Cases of mistaken jurisdiction, however, fall within the provisions of sec. 2836*a*. So far as applicable to this case that section simply provides that in all cases in every court where objection to the jurisdiction of that court is sustained by order, judgment, or in any other way, the cause shall be certified to some court having jurisdiction, provided it appear that the error arose from a *bona fide* mistake and not from design. It is under that clause that this case was certified from the county court to the circuit court for Iowa county. There is no provision in that section requiring the payment of costs as a condition precedent to such certification. The question of costs is to remain open and to abide the final decision in the action. It seems to us that the costs incurred in the county court up to this point are as properly

allowable against the defendants as though the action had been originally brought in the circuit court. The state tax had been paid; the summons and complaint had been served, and all proceedings leading up to the joinder of issue had been taken. To be sure, they were taken in a court without jurisdiction, and without the saving force of the statutory provisions referred to would require a dismissal of the action. But these statutory provisions provide for a transfer of the case from one court to the other, saving the plaintiff from the consequences that would follow but for such provisions. The costs incurred in the county court were identical with those which would have been incurred had the case been brought in the circuit court instead of in the county court. Under the circumstances it seems clear to us that necessary costs and disbursements incurred in the proceeding up to the point of joinder of issue should be regarded as necessary costs and disbursements and as properly allowable in the taxation of a bill of costs as though the case had been originally brought in the proper court. We therefore hold that the circuit court was in error when it decided that it had no jurisdiction to tax any costs against the defendant *Walker* which were incurred in the county court.

We do not feel, however, that the judgment should be reversed. An examination of the proposed bill of costs reveals but few very inconsequential items of costs accruing in the county court that could have been taxed against *Walker*. A defendant who intervenes is not chargeable with costs which accrue prior to the time of his intervention. *Williams v. Washington,* 43 S. C. 355, 21 S. E. 259; *Whitten v. Dabney,* 171 Cal. 621, 154 Pac. 312; *Railsback v. Patton,* 34 Neb. 490, 52 N. W. 277. It will therefore be seen that *Walker* could not be charged with the state tax, the sheriff's fees for service of the summons, nor for the draft and copies of the complaint. The only costs with which he could be chargeable would be, probably, for the copy of the complaint, which presumably was served upon

him, and for such clerk's fees as resulted from the filing of his answer, petition for intervention, etc. It should be stated that in no event can costs growing out of the trial of the case in county court be taxed against any of the defendants. That proceeding was entirely without jurisdiction and was a mere nullity. They were not costs necessarily incurred. Nothing but costs necessarily incurred in the county court, the counterpart of which would have been incurred in the circuit court had the case been originally brought there, can be taxed or allowed. The items which might have been taxed against the defendant *Walker* are too inconsequential to justify a reversal of the order of the circuit court under sec. 3072*m*, Stats. The maxim *De minimis non curat lex* also justifies the same conclusion. This disposes of the questions raised upon the plaintiff's appeal.

While the respondent *Walker* did not appeal from the judgment rendered against him, he did give notice, pursuant to sec. 3049*a*, Stats., that he would ask for a reversal of that part of the judgment which awards costs against him. His contention is that when the case was transferred to the circuit court he withdrew therefrom, and that as no costs may be taxed against him prior to his intervention neither should they be taxed against him after his withdrawal from the case. It should be borne in mind that when the case reached the circuit court *Walker* asked permission to withdraw from the case. He was denied permission to withdraw from the case, but was permitted to withdraw his answer. He contends that he never became a party to the suit because he never had "leave," of any court with jurisdiction in the premises, to intervene. We have, however, decided that the county court of Iowa county did have authority to permit him to intervene. This effectually disposes of his contention. Having been permitted to intervene by order of the court, and having filed his answer, he could no more withdraw from the case without the permission of the court, and upon such conditions as the court might impose, than

the original defendants. The court had power to award costs against him, and the judgment in that respect cannot be reversed.

*By the Court.*—Judgment affirmed.