JANSEN and others, Respondents, vs. TOWN OF SCHOEPKE and others, Appellants.

*February 5—March 6, 1934.*

For the appellants there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *Walter F. Kaye*. *Vernon J. McHale* of Antigo, for the respondents.

FRITZ, J.. The judgment appealed from was entered without defendants raising any question as to the jurisdiction of the county court to proceed in this action, which is solely for equitable relief. However, the court's jurisdiction is challenged on this appeal. In that connection all parties urge that even though the trial court may have been without jurisdiction, we should, nevertheless, pass upon defendants' other assignments of error. However, in those assignments defendants also challenge the trial court's findings upon the issues of fact, as well as its conclusions of law. If that court was without jurisdiction, there is, in respect to the facts in dispute, no adjudication which can be considered the basis for conclusions of law. Under the circumstances, the issues of law cannot be determined until there are valid findings of fact.

The only enactment which is relied upon to confer jurisdiction upon the county court of Oneida county to grant such relief in equity as is sought in this action, is ch. 291, Laws of 1929, which, so far as now material, provides:.

"Section 3. . . . (1) The said county court shall have and exercise civil jurisdiction concurrent with and equal to the jurisdiction of the circuit court of Oneida county in all (a) actions, suits and proceedings at law, of every kind and nature, except actions where the value of the property in controversy, or the debt or balance due, or the damages claimed in the complaint, shall exceed five thousand dollars, exclusive of interest, costs and disbursements; (b) actions and proceedings in equity for the foreclosure of mortgages, land contracts and liens (including liens for which claims have been filed in the office of the clerk of the circuit court of

Oneida county), and actions for accounting, all when the sum demanded in the complaint does not exceed ten thousand dollars, exclusive of interest, costs and disbursements; (c) proceedings to discharge mortgages of record; (d) actions to quiet title to lands and for the partition thereof; and (e) all actions and proceedings relating to annulment of marriage and divorce.

"Section 4. Said county court shall be a court of record, and, subject to the exceptions aforesaid, shall be a court of general jurisdiction, and shall possess the same powers as the circuit court of Oneida county, including power to issue all writs, orders and process throughout the state." Ch. 291, Laws of 1929.

The words *"at law"* in the clause "in all (a) actions, suits and proceedings at law, of every kind and nature," expressly limit and restrict the meaning of the words "actions, suits and proceedings" to actions, etc., at law, and consequently exclude from such meaning actions (or suits) for relief in equity. Although formerly the word "suits" was considered more appropriate in speaking of remedies in equity, and the word "actions" was regarded as applicable solely to remedies at law, since the adoption of our code "the words 'actions and proceedings' have by statute an extended significance, so that they together cover all remedies to be obtained in courts. Secs. 2594, 2596, Stats. 1898." *Wisconsin River Imp. Co. v. Pier*, 137 Wis. 325, 329, 118 N. W. 857. Consequently the word "suits," as used in the clause quoted above from ch. 291, Laws of 1929, is really superfluous, and does not avoid the limitation of the meaning of the words "actions, suits and proceedings" in that clause by the words "at law." Furthermore, the manner in which the word "action" is used in that enactment, in the clauses which immediately follow in relation to remedies in equity, indicates that the word "suits" was not considered the proper term to use in speaking of remedies in equity. Thus, in conferring jurisdiction of litigation for equitable

relief by foreclosure, to quiet title, and for partition, accounting, annulment of marriage and divorce, those remedies are referred to as *"actions* and proceedings in equity for the foreclosure, . . ." *"actions* for accounting," *"actions* to quiet title to lands and for the partition thereof," and *"actions* and proceedings relating to the annulment of marriage and divorce." In no instance is the word "suits" used in reference to any of those equitable remedies. Furthermore, in view of the rule of construction, *expressio unius est exclusio alterius,* the express enumeration in ch. 291, Laws of 1929, of actions and proceedings for equitable relief by foreclosure, to quiet title, for accounting, partition, annulment and divorce, and the complete omission to otherwise extend jurisdiction in equity to other remedies in equity, must be deemed to exclude all other equitable remedies from the court's jurisdiction.

On the other hand, the provision in sec. 4, ch. 291, Laws of 1929, that "subject to the exceptions aforesaid" the "said county court . . . shall be a court of general jurisdiction, and shall possess the same powers as the circuit court of Oneida county, including power to issue all writs, orders and process throughout the state," expressly subjects the declaration that the court is a court of general jurisdiction to such limitations as are the result of the "exceptions aforesaid." Those "exceptions aforesaid" are that the court's jurisdiction in all "actions, suits and proceedings" is confined to actions, suits and proceedings *"at law,"* excepting in the expressly specified remedies in equity by foreclosure, to quiet title, and for partition, accounting, annulment and divorce.

It follows that the county court had no jurisdiction of this action for solely relief in equity, and that therefore the judgment appealed from is void. However, in connection with reversing that judgment, solely because of the lack of jurisdiction on the part of the county court, this action should

be allowed, under sec. 269.51 (2), Stats., to proceed as if it had been commenced originally in the circuit court, and the plaintiffs should be permitted to amend the pleadings and proceedings accordingly. Consequently the cause should be certified by the county court to the circuit court.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with the opinion.