WISCONSIN VALLEY IMPROVEMENT COMPANY, Appellant, v. PUBLIC SERVICE COMMISSION, Respondent.

*March 6—April 7, 1959.*

For the appellant there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *R. E. Puchner*.

For the respondent there was a brief and oral argument by *William E. Torkelson*, chief counsel.

HALLOWS, J.  Appellant contends that by virtue of sec. 6 (3) of ch. 497, Laws of 1939, it is entitled to review of the commission's order by the circuit court for Lincoln county.

Ch. 497, sec. 2, Laws of 1939, grants authority to the appellant, Wisconsin Valley Improvement Company, to construct, maintain, and operate a system of water reservoirs and waterways "subject to necessary approval by the [public service] commission, and subject to requirements of chapter 31 of the statutes," and for that purpose to construct and maintain dams. Ch. 31, Stats. 1939, thus referred to, contains detailed provisions authorizing "any . . . corporation . . . desiring a permit to construct, operate, and maintain a dam" to apply to the commission therefor (sec. 31.05, Stats.), and directs the commission to hold a hearing and take evidence, after which "if it shall appear that the construction, operation, or maintenance of the proposed dam will not materially obstruct existing navigation or violate other public rights and will not endanger life, health, or property, the commission shall so find and a permit is hereby granted to the applicant." (Sec. 31.06 (3).) Sec. 31.28 provides that orders of the commission shall be subject to review as provided in ch. 227, Stats., which is the Administrative Procedure Act created by ch. 375, Laws of 1943, as amended.

Turning to that act, it will be noted that sec. 227.15, Stats., provides broadly that administrative decisions directly affecting legal rights or privileges, whether affirmative or negative in form, shall be subject to review under ch. 227, Stats., except decisions of the department of taxation and the commissioners of banks and savings and loan associations. Sec. 227.16 (1) provides in part as follows:

"(1) Except as otherwise specifically provided by law, any person aggrieved by a decision specified in section 227.15 and directly affected thereby shall be entitled to judicial review thereof as provided in this chapter. Proceedings for review shall be instituted . . . by filing such petition in the office of the clerk of *the circuit court for Dane county (unless a different place of review is expressly provided by law)*, . . ."

On the other hand, appellant's enabling act, ch. 497, Laws of 1939, provides in sec. 6 (3) that—

"(3) Any person in interest being dissatisfied with any order of the commission authorized to be made under this act, may commence an action *in the circuit court in the county where the property affected is located,* against the commission as defendant, to vacate and set aside any such order, . . ."

and prescribes procedure for such action.

From the statutes above set forth, in their context, we conclude, as did the circuit court, that the commission's order dismissing the Improvement Company's application for a permit to build a dam is reviewable under the Administrative Procedure Act, ch. 227, Stats. Both the applicant and the commission proceeded under ch. 31, Stats., as contemplated expressly by sec. 2 of ch. 497, Laws of 1939. The application was made pursuant to sec. 31.05, Stats., and the commission proceeded under sec. 31.06, whether its order of dismissal was right or wrong. Therefore, by virtue of sec.

31.28 the commission's order was subject to review in the manner provided in ch. 227, particularly secs. 227.15 ff. This court held in *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 509–511, 53 N. W. (2d) 514, that a finding made by the commission under sec. 31.08, on the strength of which a permit for a dam would issue, was reviewable under ch. 227, Stats.

This conclusion is not impaired by the provision of sec. 227.16 (1), Stats., that "except as otherwise specifically provided by law" review may be had under ch. 227, Stats. It is not otherwise specified in sec. 6 (3) of ch. 497, Laws of 1939, which provides a procedure for judicial review, but does not purport to foreclose review under ch. 227, as do certain other statutory provisions not here applicable, such as that in sec. 227.15 specifically excluding decisions of the banking, taxation, and savings and loan authorities from such review.

The commission's order being subject to review under ch. 227, Stats., we also agree with the trial court that such review is exclusive, even though sec. 6 (3) of ch. 497, Laws of 1939, was not among the 70-odd statutory provisions for judicial review which were expressly repealed when ch. 227 was enacted. The omission to amend sec. 6 (3) was more likely an oversight than a deliberate design to treat the Wisconsin Valley Improvement Company differently in this respect than all other persons and corporations. In the *Muench Case* (1952), 261 Wis. 492, 510, 53 N. W. (2d) 514, the court called attention to the legislative purpose to establish a uniform method of review and referred to an article by Mr. Ralph M. Hoyt, chairman of the committee which drafted the Administrative Procedure Act, in which the purpose to secure uniformity of review in all respects but place of trial was emphasized. (1944 Wisconsin Law Review, 214.)

It does not follow, however, from the conclusions thus reached as to the applicability and exclusiveness of judicial review under ch. 227, Stats., that such review can be had only in Dane county. Sec. 227.16 (1), Stats., quoted above, says that the petition for review shall be filed in the circuit court for Dane county "unless a different place of review is expressly provided by law." We think that sec. 6 (3) of ch. 497, Laws of 1939, expressly provides a different place of review, namely the circuit court for the county where the property affected is located, in this case, Lincoln county. While that section relates to review of "any order of the commission authorized to be made under this act," sec. 2 of the same act, mentioned at the outset of this opinion, provides that the authority granted to the Improvement Company shall be "subject to necessary approval by the commission, and subject to requirements of chapter 31 of the statutes," and thus in effect authorizes the commission to proceed under ch. 31, Stats., when its authority is properly invoked by the Improvement Company. An order made by the commission in the circumstances of this case is an order authorized to be made under ch. 497, Laws of 1939, and is subject to sec. 6 (3) of that act in so far as sec. 6 (3) has not been superseded by ch. 227. As to place of trial, sec. 6 (3) has not been superseded.

In the interpretation of ch. 227, Stats., the above-mentioned article is entitled to weight, as we recognized in the *Muench Case, supra.* The general purpose of the act to secure uniformity of method of review but not necessarily of the place of review is stated by the author of the article in the following words (p. 230):

*"Place of review.* The act provides that review shall be in the circuit court of Dane county unless a different place of review is expressly provided by law. There has been much debate as to whether the review of administrative orders

ought to be concentrated in the circuit court at the seat of government or whether it should be scattered among the circuits of the state. The sponsors of the uniform act did not consider it wise to open up that question in connection with the new act; therefore in the process of amending the numerous separate administrative acts to provide for review as in chapter 227, *care was taken to leave the place of review unchanged."*

We construe sec. 227.16 (1), Stats., as authorizing review of the commission's order in the present case in the manner provided in ch. 227, Stats., in the circuit court for Lincoln county. The fact that the review is sought by summons and complaint instead of petition as prescribed by sec. 227.16 (1) we deem to be immaterial. The complaint may stand and be treated as a petition.

*By the Court.*—Order reversed, with directions to overrule the demurrer to the complaint.