GLOMSTEAD, by guardian *ad litem,* Respondent, v. CHICAGO & NORTH WESTERN RAILWAY, Appellant.

*No. 41. Argued October 30; 1968.—Decided November 26, 1968.*
(Also reported in 162 N. W. 2d 630.)

For the appellant there were briefs by *Worthing, Schneider & Mickiewicz* of Fond du Lac, attorneys, and *Kenneth E. Worthing* of counsel, and by *Wickham, Borgelt, Skogstad & Powell* of Milwaukee, attorneys, and *Roger S. Bessey* and *George N. Kotsonis,* both of Milwaukee, of counsel, and oral argument by *Mr. Kenneth E. Worthing* and *Mr. Kotsonis.*

For the respondent there was a brief by *Adams & Woodrow* of Menasha, attorneys, and *David L. Fulton* of Appleton of counsel, and oral argument by *Mr. Fulton.*

ROBERT W. HANSEN, J. Both the claimant and the railroad agree that the court order denying a motion to strike a portion of plaintiff's complaint is not appealable. It is not among the orders listed as appealable in sec. 274.33, Stats. It is not to be held to be the equivalent of a demurrer from which appeal may be taken [1] because it does not seek to strike the whole or entirety of the cause of action stated in the complaint.[2] Substance, not labelling, controls but the motion here made falls short of being, in legal effect, a demurrer to a cause of action. It remains a motion to strike and over an order denying it we have no appellate jurisdiction under the statute.[3] The defendant railroad concedes that under the statute we lack the necessary jurisdiction to decide this appeal. However, it urges this court to exercise its supervisory jurisdiction over the inferior courts of this state to resolve the issue here involved.[4] We find here no exigency of such extreme nature that

[1] Sec. 274.33, Stats.

[2] *State v. Chippewa Cable Co.* (1963), 21 Wis. 2d 598, 124 N. W. 2d 616.

[3] *Britz v. Chilsen* (1956), 273 Wis. 392, 78 N. W. 2d 896.

[4] *State ex rel. Reynolds v. County Court* (1960), 11 Wis. 2d 560, 105 N. W. 2d 876, citing *State ex rel. Fourth Nat. Bank of Philadelphia v. Johnson* (1899), 103 Wis. 591, 79 N. W. 1081.

would justify the interposition of such extraordinary power.[5]

Defendant railroad states that if this court does not use this occasion to define the standard of care or measuring stick as to liability here applicable, the case might be tried on an improper theory of liability, appealed, reversed and have to be tried over again. Time and expense are obviously involved. As obviously they would be involved in every situation where a litigant encounters an adverse ruling on a nonappealable motion. If this is all that is required to make a nonappealable order an appealable one, the distinction between the two would not be blurred. It would be eliminated.

Finally, defendant railroad urges that instead of dismissing its appeal, this court certify this case to the circuit court for further proceedings under sec. 269.51 (2), Stats.[6] This would, it is claimed, clarify the right of the trial court to review and reconsider the question of law involved in the light of a recent decision of this court on the applicability of the safe-place statute to grade crossing accidents.[7] Clearly, this statute is intended to prevent the dismissal of actions where a plaintiff commenced his suit in a court having no jurisdiction or where he mistook his remedy.[8] It does not apply at the appellate court level where the only issue is the nonappealability of a trial court order. In any event,

---

[5] *State ex rel. Tewalt v. Pollard* (1901), 112 Wis. 232, 87 N. W. 1107.

[6] Providing in part: ". . . and in all cases in every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appear that the error arose from mistake."

[7] *Verrette v. Chicago & N. W. Ry.*, ante, p. 20, 161 N. W. 2d 264.

[8] As applied in *Jansen v. Schoepke* (1934), 214 Wis. 350, 253 N. W. 554. *See also Dring v. Mainwaring* (1918), 168 Wis. 139, 169 N. W. 301, interpreting sec. 269.51 (then numbered secs. 2836a and 2836b).

the dismissal of the appeal returns the case to the court having jurisdiction with full opportunity to consider and apply the *Verrette* decision.

*By the Court.*—Appeal dismissed.