STATE, Respondent, v. JAKUBOWSKI, Appellant.

*No. State 81. Argued October 30, 1973.—Decided November 27, 1973.*
(Also reported in 212 N. W. 2d 155.)

For the appellant there was a brief by *James E. Welker* and *Campbell, Brennan, Steil & Ryan, S. C.,* all of Janesville, and oral argument by *Mr. Welker.*

For the respondent the cause was argued by *Albert Harriman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. Two issues are raised on this appeal:

1. Does this court have proper subject matter jurisdiction to entertain an appeal from the order of the circuit court affirming the order of the county court suspending driving privileges for a period of sixty days?

2. Is the implied consent proceeding under sec. 343.305, Stats.,[1] a criminal action, giving rise to a constitutional right to a trial by jury?

*Appealability.*

This proceeding was commenced by the filing of a report with the county court of Rock county on November 9, 1970. The county court found defendant's refusal to sub-

---

[1] Sec. 343.305, Stats., was amended by Laws of 1971, ch. 278, secs. 31f, 31m and 31q effective October 1, 1972.

mit to chemical testing to be unreasonable and entered its order on February 11, 1971. The notice of appeal to the circuit court was filed on February 11, 1971, and the circuit court affirmed the action of the county court on November 3, 1971. The notice of appeal from the order of the circuit court was filed with this court on December 23, 1971. On February 27, 1973, the attorney general filed a motion to dismiss the appeal on the grounds that this court was without subject matter jurisdiction to entertain the appeal. Oral arguments were heard and the motion to dismiss the appeal denied without prejudice on May 2, 1973.

The right to appellate review is a statutory right and, absent a statutory provision to that effect, no appeal may be had.

". . . [T]his court has appellate jurisdiction only as allowed by statute, and only to the extent the statute allows. If a case appealed to this court does not come within the terms of a statute allowing such appeal, this court has no jurisdiction to do anything other than dismiss the appeal, . . ." *State v. Omernik* (1972), 54 Wis. 2d 220, 222, 194 N. W. 2d 617.

The question is whether or not this court has the subject matter jurisdiction to entertain an appeal of the circuit court.

Sec. 274.09 (1), Stats., provides that appeals may be taken to this court from county courts except where an express provision is made for appeal to the circuit court. Since the proceeding herein involved is a special proceeding,[2] and since there is no specific provision for an ap-

---

[2] In Wisconsin, judicial remedies are divided into the classifications of actions and special proceedings. Sec. 260.02, Stats. Though the line of demarcation between an action and a special proceeding is determined on a case-by-case basis,

"An action is an ordinary court proceeding . . . Every other remedy is a special proceeding." Sec. 260.03, Stats.

it is clear that sec. 343.305 is not an action. An action, whether civil or criminal, must be an ordinary court proceeding. Sec. 260.03.

peal to the circuit court from a final order of a special proceeding, the appeal from such proceeding must be directed to the supreme court.[3] Thus, the order of the circuit court affirming the order of the county court is void for want of subject matter jurisdiction and an appeal from that order thus must be dismissed.[4]

Appellant contends that sec. 269.51 (2), Stats., provides that if the circuit court in the present action had no jurisdiction and the supreme court properly would have jurisdiction to entertain the appeal, then this court should permit the appeal to proceed as if said appeal was originally brought to the correct tribunal.

"If the tribunal from which an appeal is taken had no jurisdiction of the subject matter and the court to which the appeal is taken has such jurisdiction, said court shall, if it appear that the action or proceeding was commenced in the good faith and belief that the first named tribunal possessed jurisdiction, allow it to proceed as if originally commenced in the proper court and shall allow the plead-

"[A]ctions include those proceedings which are instituted and prosecuted according to the ordinary rules and provisions relating to actions at law or suits in equity, and that special proceedings include those proceedings which are not ordinary in this sense, but are instituted and prosecuted according to some special mode, as in the case of proceedings commenced without a summons, and prosecuted without regular pleadings, which are characteristics of ordinary actions." 1 C. J. S., *Actions*, pp. 1094, 1095, sec. 42.

Sec. 343.305, Stats., clearly is not such an ordinary court proceeding. This special proceeding is commenced by a report (sec. 343.305 (7) (a)), and not a summons (sec. 262.02). Pleadings do not conform to ch. 263, Wis. Stats. Similarly, the proceeding is terminated by an order (sec. 343.305 (7) (c)) and not a judgment (sec. 270.53 (1)). *See also: In re Henry S. Cooper, Inc.* (1942), 240 Wis. 377, 2 N. W. 2d 866; *In re Wisconsin Mut. Ins. Co.* (1942), 241 Wis. 394, 6 N. W. 2d 330, certiorari denied, 319 U. S. 747, 63 Sup. Ct. 1157, 87 L. Ed. 1703. Thus, a proceeding under sec. 343.305 is a special proceeding and must be so defined. Sec. 260.03.

[3] *See:* Secs. 274.09 (2) and 274.33 (2) (a), Stats.

[4] *State ex rel. Jenkins v. Fayne* (1964), 24 Wis. 2d 476, 129 N. W. 2d 147.

ings and proceedings to be amended accordingly; and in all cases in every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appear that the error arose from mistake." Sec. 269.51 (2), Stats.

This contention is without merit. Sec. 269.51 (2), Stats., does not extend to appellate jurisdiction and is limited solely to courts of original jurisdiction.

A review of cases in which sec. 269.51 (2), Stats., was held applicable demonstrates that said provision is limited solely to courts of original jurisdiction.[5] In *Cawker v. Dreutzer* (1928), 197 Wis. 98, 221 N. W. 401, the court was involved in a dispute over the concurrent jurisdiction of the county and circuit courts in regard to an estate problem. Contrary to the procedural law at that time, the circuit court mistakenly accepted jurisdiction. This court ruled that such action on the part of the circuit court was error but, because of expense involved and the injustice a dismissal would work on the parties in light of the fact that all facts were before the court for its determination, the court entertained the appeal in the interest of justice. This court pointed out that since this was not a case in which the circuit court was *without jurisdiction* but *merely incorrectly accepted jurisdiction,* that this court was not without subject matter jurisdiction to entertain the appeal.

"In the interest of justice, and following the spirit of secs. 269.51, 274.35, and 274.37, Stats., as the court was not wholly without jurisdiction but only in error in assuming jurisdiction, we have concluded to deny the motion to dismiss the appeal." [6]

Thus, this case is readily distinguishable from the case at bar.

The applicability of sec. 269.51 (2), Stats., to the supreme court was best capsulized by Mr. Justice ROB-

[5] *Dring v. Mainwaring* (1918), 168 Wis. 139, 169 N. W. 301.
[6] *Cawker v. Dreutzer, supra,* at page 129.

ERT W. HANSEN in the case of *Glomstead v. Chicago & N. W. Ry.* (1968), 40 Wis. 2d 675, 162 N. W. 2d 630. Though the case therein was involved with an unrelated appealability problem, the appellant urged the court during oral argument to apply sec. 269.51 (2), and certify the case back to the circuit court. The court responded to the effect that:

"Clearly, this statute is intended to prevent the dismissal of actions where a plaintiff commenced his suit in a court having no jurisdiction or where he mistook his remedy. It does not apply at the appellate court level where the only issue is the nonappealability of a trial court order." *Id.* at page 678.

What sec. 269.51 (2), Stats., was enacted to accomplish was the avoidance of the necessity to dismiss an appeal to the circuit court of a case which was erroneously but in good faith commenced at the county court level. A literal reading of the statute would permit no contrary conclusion. To interpret the phrase "as if originally commenced in the proper court" as applying to this court would require, in effect, that this court be a court of general jurisdiction similar to the county and circuit courts.

We conclude that because the appeal to the circuit court was void for want of subject matter jurisdiction, an appeal from an order of the circuit court affirming the order of the county court cannot be entertained and the appeal must be dismissed.

Since our resolution of this issue of appealability disposes of the appeal, we do not reach the remaining issue raised.

*By the Court.*—Appeal dismissed.