SHOPPER ADVERTISER, INC., d/b/a Shopper Advertiser-Walworth County, and Shopping News, Inc., d/b/a Greater Beloit Shopping News, Petitioners-Appellants and Cross-Respondents-Petitioners,

v.

Wisconsin DEPARTMENT OF REVENUE, Respondent and Cross-Appellant.

Supreme Court

*No. 81–1409. Argued January 31, 1984.—*
*Decided February 28, 1984.*

(Also reported in 344 N.W.2d 115.)

224

For the petitioners there was a brief by *Thomas J. Basting* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C.,* Janesville, and oral argument by *Thomas J. Basting.*

For the respondent and cross-appellant the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the briefs in court of appeals was *Bronson C. La Follette,* attorney general.

WILLIAM G. CALLOW, J.  This is a review of a published decision[1] of the court of appeals reversing a

---

[1] *Shopper Advertiser v. Department of Revenue,* 112 Wis. 2d 354, 332 N.W.2d 841 (Ct. App. 1983).

judgment of the circuit court for Dane county, Judge William D. Byrne, and an order of the circuit court for Rock county, Judge J. Richard Long, in an administrative review action brought pursuant to Chapter 227, Stats. We reverse the court of appeals and remand the matter for further proceedings consistent with this opinion.

The issues presented on appeal are whether the proper venue for judicial review of a decision of the Tax Appeals Commission is in the county where the petitioner-taxpayer resides, as specified in sec. 227.16(1)(a), Stats. 1977, or in Dane county, as specified in sec. 77.-59(6)(b), 1977; and whether, if venue was in Dane county, the action was properly transferred, pursuant to sec. 807.07(2), 1977, from the Rock county circuit court, where the action was originally filed, to the Dane county circuit court. [All references in this opinion are to the 1977 statutes unless otherwise indicated.]

This case originated in 1975 when the Wisconsin Department of Revenue (Department) assessed a sales tax against Shopper Advertiser, Inc. (taxpayer) for the sale of a publication known as the Greater Beloit Shopping News and a use tax assessment against both Shopper Advertiser, Inc., and Shopping News, Inc., (taxpayer) for materials purchased and used in publishing the Greater Beloit Shopping News and the Walworth County Shopper Advertiser. The taxpayers asserted that their publications qualified as newspapers or periodicals under sec. 77.51(15), Stats., and further that their publications were destined for sale under sec. 77.54(2), and as such were not subject to a use tax. The taxpayers sought a redetermination of the tax assessment, but on September 21, 1976, the Department denied the petition for redetermination.

On October 21, 1976, the taxpayers filed a petition for review with the Wisconsin Tax Appeals Commission (Commission). On September 14, 1979, the Commission issued a decision affirming the Department's denial of the taxpayers' request for a tax redetermination.

It was stipulated for purposes of appeal that both taxpayers were residents of Rock county. On October 12, 1979, the taxpayers filed a petition for review, pursuant to sec. 227.16(1)(a), Stats., in the circuit court for Rock county. The petition was filed within thirty days of the Commission's decision as required by sec. 227.-16(1)(a). The Department filed a notice of appearance and statement of position on November 5, 1979, making no reference to any venue objection. On April 18, 1980, the Department moved to dismiss the action on the ground that the court lacked subject matter jurisdiction because the action was filed in a court of improper venue. An amended motion to dismiss, alleging the same grounds, was filed on May 23, 1980.

The circuit court for Rock county on July 14, 1980, ruled that it lacked subject matter jurisdiction over the action because proper venue was with the circuit court for Dane county, as specified by sec. 77.59(6)(b), Stats. However, the court found that the improper filing in Rock county arose from a mistake and, therefore, certified the case to the Dane county circuit court, pursuant to sec. 807.07(2). The Dane county circuit court accepted jurisdiction, and on June 15, 1981, entered judgment affirming the decision of the Commission. The taxpayers appealed the judgment of the Dane county circuit court, and the Department cross-appealed from the order of the Rock county circuit court denying the Department's motion to dismiss and certifying the matter to the Dane county circuit court.

The court of appeals upheld the Rock county circuit court's determination that it did not have subject matter

jurisdiction over an appeal from a decision of the Tax Appeals Commission. The court determined that proper venue for the review action was the Dane county circuit court, as specified by sec. 77.59(6)(b), Stats. However, the court held that, even if sec. 807.07(2) were applicable to an administrative review action, the provision did not authorize a transfer after expiration of the time for commencing a review proceeding in the proper court. *See* sec. 227.16(1)(a) (thirty-day time limit to file actions for review). The court reasoned that, because the transfer took place more than thirty days from the time of the Commission's decision, the Dane county circuit court did not have subject matter jurisdiction to conduct the review. Accordingly, the court of appeals reversed the judgment of the Dane county circuit court affirming the Tax Appeals Commission decision and remanded the matter to the Dane county circuit court with instructions to vacate the judgment, and reversed the order of the Rock county circuit court certifying the case to Dane county and remanded the matter to the Rock county circuit court with instructions to dismiss the petition for review. The taxpayers petitioned for review by this court, pursuant to sec. 808.10, and we granted the petition for review.

Section 227.16(1)(a), Stats., which governs judicial review of administrative agency decisions, provides in relevant part:

"(1) *Except as otherwise specifically provided by law,* any person aggrieved by a decision specified in s. 227.15 shall be entitled to judicial review thereof as provided in this chapter.

"(a) *Proceedings for review shall be instituted* by serving a petition . . . upon the agency . . . and *by filing the petition in the office of the clerk of the circuit court for the county where the trial is to be held within 30 days* after the service of the decision of the agency upon all parties as provided in s. 227.11. . . . *The pro-*

*ceedings shall be in the circuit court of the county where the petitioner resides. . . ."* (Emphasis added.)[2]

Section 77.59(6)(b), which applies to judicial review of decisions of the Tax Appeals Commission, provides that "all appeals from decisions of the tax appeals commission . . . *shall be appealed to the circuit court for Dane county."* (Emphasis added.)

In *Wisconsin Valley Improvement Co. v. Public Service Comm.,* 7 Wis. 2d 120, 95 N.W.2d 767 (1959), we considered the jurisdictional effect of chapter 497, sec. 6(3), Laws of 1939, which provided that an order of the Public Service Commission with respect to the Wisconsin Valley Improvement Company could be challenged in the circuit court of the county in which the property affected was located. The issue was whether chapter 227 provided the exclusive method of review for such actions. At that time sec. 227.16(1), Stats., 1957, provided that actions for review were to be filed in the "circuit court for Dane county (unless a different place of review is expressly provided by law)." We noted in this regard that the "general purpose [in enacting chapter 227 was] to secure uniformity of method of review but not necessarily of the place of review." *Id.* at 125. After concluding that sec. 6(3) embodied a different place of review expressly provided by law, we held that, although chapter 227 governed the method of review, it did not supersede sec. 6(3) as to the place of trial. Accordingly, we permitted the judicial review action to proceed in

[2] Section 227.16, Stats., originally provided that all chapter 227 actions for review be filed in Dane county. This was amended in Chapter 414, Laws of 1975, to provide for review actions to be filed in "the county where the trial shall be held." Finally, in Chapter 187, Sec. 68m, Laws of 1977, the provision was amended to provide for filing in "the county where the petitioner resides."

the circuit court of the county in which the property affected was located.

Applying our decision in *Wisconsin Valley* to the statutory provisions at issue in this case, we conclude that the method of review of the Tax Appeals Commission's decision is governed by sec. 227.16(1)(a), but the place of trial is prescribed by sec. 77.59(6)(b), Stats. We note at the outset that venue is not a question of subject matter jurisdiction. *See Voight v. Aetna Casualty & Surety Co.*, 80 Wis. 2d 376, 390, 259 N.W.2d 85 (1977). Subject matter jurisdiction relates to the power of the court to entertain a particular type of action; venue relates to which court of those having the power to entertain the action should render judgment in the matter. *See Mueller v. Brunn*, 105 Wis. 2d 171, 176–78, 313 N.W. 2d 790 (1982). As we noted in *Mueller, id.* at 178, a judgment rendered by a court of improper venue would be invalid not for lack of subject matter jurisdiction, but for lack of competency to proceed to judgment.

Chapter 227 grants subject matter jurisdiction to all circuit courts to review administrative decisions of the type specified in that chapter. *See* sec. 227.15, Stats. This statute comports with art. VII, sec. 2, of the Wisconsin Constitution, which provides in part, "The judicial power of this state shall be vested in a *unified* court system consisting of one supreme court, a court of appeals, [and] a circuit court." (Emphasis added.) *See also* Wis. Const. art. VII, sec. 8, and *In Matter of Guardianship of Eberhardy*, 102 Wis. 2d 539, 548–51, 307 N.W.2d 881 (1981). Thus, the legislature contemplated establishing a system of uniform jurisdiction for review of administrative decisions under the provisions of chapter 227. Further, sec. 227.16(1)(b)1. provides that, when naming a respondent in the petition, the Depart-

ment of Revenue should be named as respondent when the decision being appealed is from the Tax Appeals Commission. This makes it apparent that the legislature contemplated such actions being brought under the general jurisdiction granted to all circuit courts under chapter 227. Finally, as noted in footnote 2, the legislature in 1977 amended sec. 227.16(1)(a) to provide that actions for review shall be brought in the county where the petitioner resides. We discern a legislative intent by these statutory provisions to decentralize the place of review of administrative decisions, while maintaining uniformity of jurisdiction for all such actions.

However, sec. 227.16(1), Stats., provides for an exception as to the place of trial where another place of review is "otherwise specifically provided by law." In this case sec. 77.59(6)(b), provides such an exception, specifying Dane county as the place for review of decisions of the Tax Appeals Commission. We conclude that, although all circuit courts have subject matter jurisdiction over such reviews, the proper venue for such actions is in the Dane county circuit court. Thus, the Rock county circuit court had subject matter jurisdiction over the taxpayers' appeal, but it lacked the competency to render a valid judgment. *See Mueller v. Brunn, supra.*

The next issue is whether the Rock county circuit court properly transferred the case to the Dane county circuit court, pursuant to sec. 807.07(2), Stats. Section 807.07 (2) provides in relevant part, "in all cases in every court where objection to its jurisdiction is sustained the cause shall be certified to some court having jurisdiction, provided it appears that the error arose from mistake." The court of appeals questioned whether sec. 807.07(2)

applied to actions brought pursuant to chapter 227.[3] We conclude that it does. In *Cruz v. ILHR Department,* 81 Wis. 2d 442, 452, 260 N.W.2d 692 (1978), we stated that

". . . the language of this statute [sec. 269.51(1), Stats., 1973, now sec. 807.07(1)] is all-encompassing and is applicable whenever an aggrieved party seeks to review an order of 'any court, tribunal, officer or board.' While, from a technical viewpoint, there may be an insubstantial difference between an 'appeal' and an 'action to review,' we see, in respect to this case, no reasonable distinction under the clear policy of the statutes which seeks to permit the correction of irregularities and to avoid dismissals on technical grounds."

Similarly, we conclude that the language of sec. 807.07 (2) referring to "all cases in every court" includes cases which are brought under chapter 227. As in *Cruz,* we see no meaningful distinction between an "action for review" and a "case" within the meaning of sec. 807.07 (2).

In *Dring v. Mainwaring,* 165 Wis. 356, 162 N.W. 169 (1917), a case was tried in the county court for Iowa county. On appeal, this court determined that the Iowa county court did not have the power to try the action, except to the extent of transferring the case to a court of proper jurisdiction. Applying sec. 2836a, Stats., a provision substantially similar to present sec. 807.07(2),

---

[3] In concluding that sec. 807.07(2), Stats., was of doubtful applicability to chapter 227 review proceedings, the court of appeals relied on *State v. Jakubowski,* 61 Wis. 2d 220, 212 N.W.2d 155 (1973). This reliance was misplaced because *Jakubowski* dealt with appellate jurisdiction under the first sentence of sec. 269.-51(2) [now 807.07(2)], which is not applicable to the present case. Thus, the statement in *Jakubowski* that sec. 269.51(2) does not extend to appellate jurisdiction and is limited solely to courts of original jurisdiction is not relevant to our interpretation of the second sentence of sec. 807.07(2) relating to transfers of jurisdiction.

the case was remanded with directions to transfer the matter to some court having jurisdiction. In a subsequent appeal of the same case, *Dring v. Mainwaring*, 168 Wis. 139, 141–42, 169 N.W. 301 (1918), we recognized that sec. 2836a was "enacted by the legislature in the furtherance of justice and to prevent the dismissal of actions where a plaintiff commenced his action in a court having no jurisdiction thereof or where he mistook his remedy." *See also Glomstead v. Chicago & N.W. Ry.*, 40 Wis. 2d 675, 678, 162 N.W.2d 630 (1968).

In order to effectuate this legislative purpose, we interpret "jurisdiction" within the meaning of sec. 807.-07(2), Stats., to encompass both subject matter jurisdiction, i.e., the power to entertain an action, and venue, i.e., the competency to render a valid judgment. Thus, sec. 807.07(2) permits transfers of cases when the action is originally filed in a court lacking subject matter jurisdiction, or when the action is filed in a court of improper venue. Further, in light of the broad language of sec. 807.07(2) and the legislative intent to ensure that cases should not be dismissed where improper jurisdiction was mistakenly invoked, we see no reason to find that this provision does not permit the transfer of actions for review brought pursuant to chapter 227. This is particularly true when, as here, the court has subject matter jurisdiction but lacks competency to render a valid judgment because of improper venue.

Having determined that sec. 807.07(2), Stats., applies in this case, we now turn to the question whether the transfer was properly made. We conclude that the record supports the circuit court's finding that the error in bringing the action in Rock county arose from mistake.

In *Sunnyview Village v. Administration Dept.*, 104 Wis. 2d 396, 399–400, 311 N.W.2d 632 (1981), we observed:

"Compliance with sec. 227.16, Stats., has, in the past, proved troublesome because sec. 227.16 is not easy to understand. This court has characterized an earlier version of sec. 227.16(1) as 'complex and if read in a cursory fashion . . . confusing.' *Brachtl v. Department of Revenue*, 48 Wis. 2d 184, 186, 179 N.W.2d 921 (1970). Despite revision, sec. 227.16 remains complex . . . ."

In the same manner, secs. 227.16(1)(a) and 77.59(6) (b) are in apparent conflict. Section 227.16(1)(a) provides for review of administrative decisions in the county in which the petitioner resides, while sec. 77.59 (6)(b), which arguably applies to the same sort of action, provides for review in Dane county. Section 227.16(1)(b) designates certain state agencies which may be named as respondents in a petition for chapter 227 review. Among the agencies listed is the Tax Appeals Commission. *See* sec. 227.16(1)(b)1. From this, the taxpayers could reasonably conclude that this section provides the exclusive procedure for review. Except for the general language in sec. 227.16(1)(a) that review may be had elsewhere if "otherwise specifically provided by law," there is no cross-reference to sec. 77.-59(6)(b) or any other guidance to an aggrieved taxpayer seeking review of a Tax Appeals Commission decision.

We have recognized "that it is important that citizens not be defeated in their redress of grievances by the maze of governmental entities." *Sunnyview Village,* 104 Wis. 2d at 412. Likewise, taxpayers should not be defeated from seeking appellate review by a maze of conflicting statutory venue provisions. The record shows that the taxpayers were under the understandable misapprehension that their action for review was governed by sec. 227.16(1)(a). There is nothing in the record to

indicate that the taxpayers' filing in Rock county was not in good faith. We conclude that the circuit court's finding that the misfiling arose from mistake is not against the great weight and clear preponderance of the evidence.

We have previously concluded that proper venue for the action is in the circuit court for Dane county. Thus, it was appropriate for the Rock county circuit court, pursuant to sec. 807.07(2), Stats., to certify the case to Dane county.

■

The court of appeals held that the certification was improper as untimely because it was made more than thirty days after the Tax Appeals Commission had issued its decision. The court cited our prior cases where we have held that strict compliance with procedural requirements is necessary to maintain an action for review. *Ryan v. Department of Revenue,* 68 Wis. 2d 467, 472, 228 N.W.2d 357 (1975); *see, e.g., 519 Corp. v. Department of Transportation,* 92 Wis. 2d 276, 287–88, 284 N.W.2d 643 (1979). Thus, the court of appeals concluded that the Dane county circuit court had no jurisdiction because the time limit for seeking review had expired before the case was properly filed in the appropriate court. This conclusion was incorrect.

■

In *Mueller v. Brunn,* 105 Wis. 2d at 189, in discussing whether a particular court had jurisdiction to hear the case, we stated:

". . . We would conclude that the jurisdiction of the court system was properly invoked and it would then be within the authority of the circuit court to transfer the cause to the county in which the real property lies. Upon transfer we would deem the action properly 'commenced,' although the running of the statute of limitations would be tolled at the time personal jurisdiction is acquired and the complaint filed in any court which had subject

matter jurisdiction although that venue was improper under the statute."

The running of the thirty-day time limit for appeal in this case was tolled when the action was filed in the Rock county circuit court, which had subject matter jurisdiction over the matter. This filing was made on October 12, 1979, which was within the thirty-day period after the Tax Appeals Commission's decision was issued. Once the matter was before a court with subject matter jurisdiction, the action for review was timely filed. The subsequent transfer to Dane county—the court of proper venue—was not affected by the statutory time limits for appeal under sec. 227.16(1)(a), Stats., which were satisfied in this case. We reverse the court of appeals' holding that the Dane county circuit court had no jurisdiction to decide the action for review and its holding that the Rock county circuit court erred in transferring the action to the Dane county circuit court.

Because the court of appeals decided the action was barred on jurisdictional grounds, it did not reach the merits of the appeal from the judgment of the Dane county circuit court. Accordingly, we remand the case to the court of appeals for consideration of all previously undecided issues.

*By the Court.*—The decision of the court of appeals is reversed and cause remanded for further proceedings consistent with this opinion.

SHIRLEY S. ABRAHAMSON, J. (concurring in part and dissenting in part). The taxpayer erred in filing its petition with the Rock county circuit court rather than with the Dane county circuit court. I agree with the majority opinion that there is sufficient leeway in the statutes to enable the court to save the taxpayer from

its procedural error without doing harm to the public interest. I therefore agree with the majority opinion that the circuit court action should not be dismissed.

I do not join the majority opinion because I have difficulty following its discussion of "subject matter jurisdiction", "competency of the court," and "venue."

The terms subject matter jurisdiction and competency are not self-defined. Although the majority opinion offers no clarification as to the meanings of both terms, the majority opinion apparently distinguishes between subject matter jurisdiction and competency. This distinction is traced to *Mueller v. Brunn*, 105 Wis. 2d 171, 313 N.W.2d 790 (1982), in which the court relied on sec. 7 of the First Restatement of Judgments (1942). A careful reading of sec. 7 and the comments shows, however, that the Restatement uses the terms subject matter jurisdiction and competency "more or less interchangeably". Field and Kaplan, *Civil Procedure* 603 (2d ed. 1968). The Second Restatement of Judgments (vol. 1, p. 28) (1982) explains that it uses the term subject matter jurisdiction, rather than competency and rather than the two terms interchangeably, "simply because it [subject matter jurisdiction] is much more commonly used in American legal parlance than 'competence' or 'competency.' "[1]

I recognize that there appears to be a difference of opinion among the scholars as to the use of the terms competency, subject matter jurisdiction, and to add further to the confusion, territorial jurisdiction and state power.[2] It is generally agreed, however, that it does

[1] See also sec. 11, *Comment b* p. 109, 1 Restatement (Second) of Judgments.

[2] *See, e.g.,* 1 Restatement (Second) of Judgments, ch. 2, pp. 27–29, sec. 11 (1982); Restatement (Second) of Conflict of Laws, Introductory Note, pp 100–102, sec. 24, *Comment f,* p. 108, sec. 92, *Comment i,* p. 275, sec. 105 (1969); Restatement of Judg-

not matter what terminology is used as long as the court defines its terms, uses the terms in a consistent fashion and explains the consequences of the classifications it establishes. I do not think this opinion meets this objective.

The majority opinion defines subject matter jurisdiction as relating "to the power of the court to entertain a particular type of action." *Supra,* p. 230. Yet in *Mueller, supra* 105 Wis. 2d at 177, the court, adopting the terminology of the First Restatement of Judgments, says that if the state has not given a court the power to entertain the action, the court has no competency to render a valid judgment. Thus the majority opinion defines subject matter jurisdiction in the same way *Mueller* defined competency.

The majority opinion does not expressly define competency but appears to use the term competency interchangeably with venue. *Supra,* pp. 230, 233. The majority defines venue as relating "to which court of those having the power to entertain the action should render judgment in the matter", *supra,* p. 230, and to "the [court's] competency to render a valid judgment." *Supra,* p. 231.

Confusion arises because the First Restatement of Judgments, upon which *Mueller* and thus the majority opinion rely, does not generally classify a venue requirement as an issue of competency or subject matter jurisdiction.[3] The First Restatement treats venue, ex-

ments sec. 7, *Comments,* pp. 41–44 (1942) ; Ehrenzweig and Louisell, *Jurisdiction: Federal and State,* p. 10–12, 162–64 (Nutshell Series 1973) ; Smit, *The Terms Jurisdiction and Competence in Comparative Law,* 10 Am. J. Comp. L. 164, 167 (1961).

[3] It is possible to define venue as a subcategory of competency. See, *e.g.,* Professor Smit, *supra* note 1, who defines competence as the power of the court to adjudicate a particular controversy and classifies rules of competency into rules of general competency and rules of specific competency. He views venue as a rule of

cept where the state statute requires another interpretation, as a procedural defect which does not ordinarily go to the court's subject matter jurisdiction or competence. Restatement of Judgments, sec. 7, *Comment b,* pp. 42–44. See also 1 Restatement (Second) of Judgments sec. 4, *Comment h,* pp. 62–63. For an explanation of why the "place of trial" requirement in this case should be treated as an issue of subject matter jurisdiction, not venue, see *Shopper Advertiser v. Department of Revenue,* 112 Wis. 2d 354, 360, 332 N.W.2d 841 (Ct. App. 1983).

The definitions of the terms competency, subject matter jurisdiction and venue are less important than a consideration of the differences in consequences that flow from the classification of the error. The black-letter Restatement law is that "a judgment is void if it is not rendered by a court with competency to render it." Restatement of Judgments, sec. 7. See also 1 Restatement (Second) of Judgments, p. 28, and *Mueller, supra* 105 Wis. 2d at 177. A companion black-letter Restatement rule is that if venue is improper, the judgment is not void, but is invalid or erroneous and subject to reversal only on direct attack. Restatement of Judgments, sec. 7, *Comment b,* p. 43.

The majority opinion concludes that since venue is improper in this case, any judgment would be "invalid" (*supra,* p. 230) and the court lacks "the competency to render a valid judgment." *Supra,* p. 231. Traditionally

specific competency. Indeed parts of *Mueller v. Brunn,* 105 Wis. 2d 171, 177–178, 313 N.W.2d 790 (1982), upon which the majority relies, appear to treat venue as a subcategory of competency, while recognizing that different consequences are accorded the different subcategories of competency. In *Mueller* the court apparently recognized that some defects—which it labels as issues of competency—would have the same consequences as those defects which others label as issues of subject matter jurisdiction.

the terms valid, invalid (also sometimes referred to as erroneous), and void are terms of art in this field of law and must be defined. Different consequences are attached to these classifications, such as waiver, necessity for direct attack of the judgment, and ability to attack the judgment collaterally. *See, e.g.,* 1 Restatement (Second) of Judgments, sec. 1.

I am also perplexed that the majority, after labeling the error one of venue, not jurisdiction, then turns to sec. 807.07(2), Stats. 1981–82, and defines the word jurisdiction in that section to include venue to enable the Rock county circuit court to transfer the matter to the Dane county circuit court. I would have thought that the majority would have turned to sec. 801.53, 1981–82, which authorizes a change of place of trial where the county designated in the complaint is not the proper place of trial.

In summary, although I find the analysis in the opinion of the court of appeals thoughtful and edifying, I agree with the result reached by the majority: The error in selecting the court in this case should be classified in such a way that the action need not be dismissed. But I believe that the discussion in the majority opinion relating to competency, subject matter jurisdiction and venue instead of clarifying the law adds further confusion to an already confusing area of the law.

I dissent from that part of the mandate that remands the remaining issues to the court of appeals for decision. As I have explained before, I believe that this court has the power to remand issues to the court of appeals, but in the interest of judicial economy, speedy resolution of appeals, reduced costs to the litigants, and finality of decisions, I would have this court decide the entire case on review. *See Crown Life Ins. Co. v. LaBonte,* 111 Wis. 2d 26, 45–46, 330 N.W.2d 209 (1983).