SHIRLEY S. ABRAHAMSON, C.J.
¶ 37. (<dissenting). The legislature has declared that a circuit court must make particular findings in a preliminary hearing *662 in order to establish original adult court jurisdiction over a juvenile.[1] See Wis. Stat. § 970.032(1).
¶ 38. Section 970.032(1) reads as follows:
(1) Notwithstanding s. 970.03, if a preliminary examination is held regarding a juvenile who is subject to the original jurisdiction of the court of criminal jurisdiction under s. 938.183(1), the court shall first determine whether there is probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183(l)(a), (am), (ar), (b), or (c), whichever is applicable. If the court does not make that finding, the court *663 shall order that the juvenile be discharged but proceedings may be brought regarding the juvenile under ch. 938.
Wis. Stat. § 970.032(1) (emphasis added).
¶ 39. At the defendant's preliminary hearing, the circuit court failed to make the required statutory finding. Rather, the circuit court stated the following:
[T]here is probable cause to believe a felony has been committed. The testimony we have is from the victim. You have identification. You have a shooting. (Emphasis added.)
¶ 40. The circuit court found probable cause to believe "a felony" had been committed. "A felony" could refer to any number of crimes, not all of which would support proceedings in adult criminal court for a juvenile. The circuit court did not determine that "there is probable cause to believe that the juvenile has committed the violation of which he ... is accused ..." (emphasis added).
¶ 41. The majority opinion rewrites the transcript of the preliminary hearing to conclude that the circuit court made the required findings. The majority opinion declares, in effect, that the circuit court did not mean what it said on the record.[2]
¶ 42. Unlike the majority opinion, I cannot conclude that the circuit court complied with Wis. Stat. § 970.032(1). If a circuit court fails to make the finding required by Wis. Stat. § 970.032(1), the statute provides a remedy; it mandates that the circuit court "shall order that the juvenile be discharged" (emphasis added). See also State v. Kleser, 2010 WI 88, ¶ 64, 328 Wis. 2d 42, 786 N.W.2d 144.
*664 ¶ 43. This court should follow the statute. See, e.g., State v. Romero-Georgana, 2014 WI 83, ¶ 85,_ Wis. 2d_, 849 N.W.2d 668 (Bradley, J., dissenting); State v. Douangmala, 2002 WI 62, ¶ 4, 253 Wis. 2d 173, 646 N.W.2d 1 (when a statute "expressly sets forth the remedy to be granted" if a circuit court "fails to advise a defendant about deportation consequences as required by [the statute]," the court should grant the requested remedy).
¶ 44. For the foregoing reasons, I dissent.
¶ 45. I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

 Like the majority opinion, I do not address the issue of subject matter jurisdiction in the instant case. Majority op., ¶ 23 n.10.
Substantial confusion exists in the case law on the meaning of the terms "jurisdiction," "subject matter jurisdiction," "jurisdictional error," and "competence" of the courts. The jurisprudence concerning subject matter jurisdiction and a circuit court's competence to exercise its subject matter jurisdiction is "murky at best." See State v. Bush, 2005 WI 103, ¶ 16, 283 Wis. 2d 90, 699 N.W.2d 80. See also Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶¶ 62-65, 349 Wis. 2d 234, 833 N.W.2d 665 (Abrahamson, C.J., concurring); Miller Brewing Co. v. LIRC, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660 (1993); Shopper Advertiser, Inc. v. DOR, 117 Wis. 2d 223, 237, 344 N.W.2d 115 (1984) (Abrahamson, C.J., concurring in part and dissenting in part).
Compare, e.g., Village of Trempealeau v. Mikrut, 2004 WI 79, ¶ 8, 273 Wis. 2d 76, 681 N.W.2d 190 ("[T]he subject matter jurisdiction of the circuit courts cannot be curtailed by state statute.") with majority op., ¶ 29 ("The juvenile 'has strong incentive ... to negate that specific offense during the preliminary hearing — to prevent the state from prevailing on the specific offense charged, or possibly, to deprive the criminal court of its "exclusive original jurisdiction."'") (citing State v. Kleser, 2010 WI 88, ¶ 60, 328 Wis. 2d 42, 786 N.W.2d 144) (emphasis added).

 Majority op., ¶¶ 32-35.