STATE of Wisconsin, Plaintiff-Respondent,

v.

Keith S. KRAUSE, Defendant-Appellant.

Court of Appeals

*No. 2005AP472–CR. Submitted on briefs December 15, 2005.*
*—Decided February 1, 2006.*

2006 WI App 43

(Also reported in 712 N.W.2d 67.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Roger Merry* of *Merry Law Offices* of Monroe.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Christopher G. Wren*, assistant attorney general.

Before Snyder, P.J., Brown and Anderson, JJ.

¶ 1. SNYDER, P.J.   Keith S. Krause appeals from a judgment of conviction for operating a motor vehicle while intoxicated (OWI), fifth offense, and from an order denying his request for postconviction relief. Krause contends that the circuit court erred when it denied him the opportunity to collaterally attack a prior offense used to enhance his sentence. He contends that the prior offense, which was a refusal revocation, should not be available for penalty enhancement purposes because he was not afforded his constitutional right to counsel during the refusal proceeding; thus, the current OWI conviction should have been treated as a fourth offense rather than a fifth. We disagree and

affirm the order denying postconviction relief as well as the judgment of conviction.

## BACKGROUND

¶ 2.  We begin with the facts relevant to Krause's refusal revocation. Krause was arrested for OWI on September 5, 2000. He was deemed to have refused to provide a sample of his breath, blood, or urine at the time of the arrest. In a letter dated September 26, 2000, Krause's court-appointed lawyer confirms that no refusal hearing was requested because, under the circumstances, the "chances of winning such a hearing [were] zilch." Because Krause did not request a hearing, the refusal revocation period began thirty days after his refusal. *See* Wis. Stat. § 343.305(10)(a) (2003–04).[1] In January 2001, Krause moved to dismiss the OWI in a negotiated plea. No conviction related to the September 2000 arrest appears on Krause's record.

¶ 3.  The case before us stems from a two-car collision that occurred on July 19, 2002. As a result, Krause was convicted of OWI, fifth offense, on March 18, 2003. At his plea hearing, Krause pled no contest to the OWI charge and advised the court that of the four prior OWI offenses on his record, only three were OWI convictions and one was a refusal revocation without a corresponding conviction. Following the plea colloquy, the court found Krause guilty. The court also determined, and Krause acknowledged, that the refusal revocation counted as a prior offense for sentencing purposes. *See* Wis. Stat. § 343.307(1)(f). At the sentencing hearing on May 22, 2003, the court ordered Krause

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise indicated.

to serve two years of prison confinement followed by three years of extended supervision.

¶ 4. Krause brought a motion to reopen the refusal proceeding and the court heard arguments on May 5, 2004. Krause contended that he did not receive adequate notice of his rights at a refusal hearing; in particular, he did not know what issues could be challenged at a refusal hearing.[2] Krause's primary argument rested on WIS. STAT. § 806.07(1)(a), which permits a court to relieve a party from a judgment where there was mistake, inadvertence, surprise, or excusable neglect. The court denied Krause's motion because it was not made within a reasonable time period; specifically, the court noted that more than one year had passed since the refusal revocation occurred. *See* § 806.07(1) and (2) (a motion for relief due to mistake, inadvertence, surprise or excusable neglect "shall be made within a reasonable time, and . . . not more than one year after the judgment was entered").

¶ 5. On November 23, 2004, Krause filed a motion for postconviction relief under WIS. STAT. § 974.06. In this motion, Krause: (1) asked the court to reverse his conviction on the fifth OWI offense, (2) presented a collateral attack on the refusal revocation used to enhance the imposed penalty, and (3) requested an evidentiary hearing. The State responded, arguing that Krause was precluded from collaterally attacking his refusal revocation on any grounds other than a denial of

---

[2] In *State v. Gautschi*, 2000 WI App 274, ¶¶ 5, 6, 14, 240 Wis. 2d 83, 622 N.W.2d 24, we concluded that the "Notice of Intent to Revoke Operating Privilege" form in effect at the time was technically deficient because it failed to adequately inform the recipient that he or she may challenge whether the officer had probable cause to believe that the person was operating a vehicle while intoxicated and whether the arrest was lawful.

his right to counsel. Because Krause was not denied counsel, the State asserted, he could not collaterally attack the refusal revocation. The State asked the court to deny Krause's motion without a hearing, stating that where "the motion and record conclusively show the defendant is not entitled to relief, the court may summarily dismiss the motion without a hearing." *See* § 974.06(3). The court summarily dismissed Krause's motion, and Krause appeals.

## DISCUSSION

■

¶ 6. The parties agree that Wisconsin law limits a defendant's ability to collaterally attack prior convictions used for sentence enhancement to those circumstances where the defendant's constitutional right to counsel in the prior proceeding was violated. *See State v. Hahn*, 2000 WI 118, ¶ 17, 238 Wis. 2d 889, 618 N.W.2d 528. "In an enhanced sentence proceeding predicated on a prior conviction, the U.S. Constitution requires a trial court to consider an offender's allegations that the prior conviction is invalid only when the challenge to the prior conviction is based on the denial of the offender's constitutional right to a lawyer." *Id.*; *see also Custis v. United States*, 511 U.S. 485, 496 (1994) (declining to "extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel").

■

¶ 7. Where a person seeks to collaterally attack a prior conviction, he or she has the initial burden of coming forward with evidence to make a prima facie showing of a deprivation of his or her constitutional right to counsel at the prior proceeding. *See State v.*

*Baker*, 169 Wis. 2d 49, 77, 485 N.W.2d 237 (1992); *State v. Ernst*, 2005 WI 107, ¶ 2, 283 Wis. 2d 300, 699 N.W.2d 92. Whether a party has met its burden of establishing a prima facie case is a question of law, subject to de novo review. *Baker*, 169 Wis. 2d at 78.

¶ 8.   Krause essentially presents a single argument on appeal: had he received "proper representation" at the refusal hearing he would have known to challenge the refusal to avoid having it count as a prior offense in future OWI prosecutions. Krause equates ineffective assistance of counsel with no assistance at all, and entreats us to conclude his Sixth Amendment right to counsel has been violated.

¶ 9.   Krause correctly acknowledges that a refusal hearing is not a criminal matter. In *State v. Jakubowski*, 61 Wis. 2d 220, 224 n.2, 212 N.W.2d 155 (1973), our supreme court concluded that "a proceeding under sec. 343.305 is a special proceeding and must be so defined." Furthermore, in a refusal hearing, rules of civil, not criminal, procedure apply. *See State v. Schoepp*, 204 Wis. 2d 266, 272, 554 N.W.2d 236 (Ct. App. 1996) (a refusal hearing is a special proceeding and the discovery procedures of Wis. Stat. ch. 804, Civil Procedure— Depositions and Discovery, apply); *State v. Nordness*, 128 Wis. 2d 15, 32, 381 N.W.2d 300 (1986) (a refusal hearing "shall proceed in the Court in the same manner as other civil proceedings") (quoting *Illinois v. Batchelder*, 463 U.S. 1112, 1114 (1983)).

¶ 10.   To mount his collateral attack, therefore, Krause must establish that the Sixth Amendment right to counsel attaches in a civil proceeding. Krause's argument on this critical point consists of one paragraph in his appellate brief. He asserts that collateral

attacks have been successful in preventing the use of a first OWI offense as a penalty enhancer. He cites only to *Pickens v. State*, 96 Wis. 2d 549, 292 N.W.2d 601 (1980), *overruled by State v. Klessig*, 211 Wis. 2d 194, 564 N.W.2d 716 (1977), apparently to support his contention that "though a refusal hearing is not a criminal matter, it must be dealt with the same constitutional consider-ations as a first offense." In *Pickens*, the defendant was convicted of rape. *Id.* at 551. Pickens appealed the judgment of conviction on several grounds, the most significant of which involved the constitutional right to counsel in criminal cases. *Id.* at 554. Because we have established that a refusal hearing is not a criminal proceeding, the analysis lends no support for Krause's position.

¶ 11.   On the contrary, case law establishes that a constitutional right to counsel does not attach in civil proceedings. *Stroe v. INS*, 256 F.3d 498, 500 (7th Cir. 2001) (where the proceedings are civil, "the Sixth Amendment is not in play"). The general rule is that civil litigants have no constitutional right to counsel and therefore no constitutional right to effective as-sistance of counsel. *Id.* The inescapable conclusion is that Krause had no right to counsel at the refusal hearing because such a hearing is civil, not criminal, in nature. Thus, Krause has failed to establish a prima facie case of deprivation of his constitutional right to counsel at the prior proceeding. *See Baker*, 169 Wis. 2d at 77. Because the motion and record conclusively show that Krause is not entitled to the relief he seeks, the circuit court's summary dismissal was proper. *See* WIS. STAT. § 974.06(3).

580

## CONCLUSION

¶ 12.   In an enhanced-penalty situation, a collateral attack on a prior conviction used for enhancement must be founded on a claim of actual or constructive denial of the constitutional right to counsel. *See Hahn*, 238 Wis. 2d 889, ¶ 17. However, because a refusal hearing is a civil proceeding, no constitutional right to counsel attaches. *See Schoepp*, 204 Wis. 2d at 272; *Stroe*, 256 F.3d at 500. Accordingly, Krause did not have a constitutional right to counsel upon which to base his collateral attack. We affirm the judgment of conviction and the order denying postconviction relief.

*By the Court.*—Judgment and order affirmed.