COURT OF APPEALS
DECISION
DATED AND FILED

October 19, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP2138**

STATE OF WISCONSIN

Cir. Ct. No. 2022TR4523

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

MATTHEW E. SULLIVAN,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dodge County: BRIAN A. PFITZINGER, Judge. *Affirmed*.

¶1  GRAHAM, J.[1]  Matthew Sullivan appeals a revocation judgment for unlawfully refusing to submit to chemical testing of his blood pursuant to Wisconsin's implied consent law, WIS. STAT. § 343.305.  Sullivan contends that

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version.

the evidence at the refusal hearing demonstrated that he did not unlawfully refuse to submit to testing, and further, that the circuit court erroneously denied his request for a continuance of the hearing. I reject Sullivan's arguments and affirm the revocation judgment.

## BACKGROUND

¶2 The following facts are undisputed for the purposes of this appeal. On October 18, 2022, Dodge County law enforcement responded to a disabled vehicle on the side of the road and identified Sullivan as the driver. When an officer approached Sullivan, the officer could smell a "heavy odor of intoxicants" and administered field sobriety testing. Sullivan showed signs of impairment on the horizontal-gaze nystagmus test. The officer asked Sullivan to perform a one-leg stand test and a walk-and-turn test, but Sullivan said that he could not perform either test. Sullivan consented to a preliminary breath test (PBT), and the PBT indicated that his blood alcohol concentration was more than double the normal legal limit of .08. *See* WIS. STAT. § 340.01(46m)(a); WIS. STAT. § 346.63(1)(b).

¶3 During this encounter, Sullivan indicated that he was diabetic, and the officer learned that Sullivan's blood sugar monitor had been showing blood sugar levels "in the 300s" for approximately six hours. It is undisputed that Sullivan was evaluated by medical personnel based on these levels, but there is no further information in the record about the results of the evaluation.

¶4 Sullivan was arrested for operating a motor vehicle while intoxicated (OWI). The officer read Sullivan the statutory "Informing the Accused" script, which indicated that law enforcement wanted to take a sample of Sullivan's blood, for chemical testing, *see* WIS. STAT. § 343.305(4), and asked whether Sullivan would consent to the test. Although the officer asked Sullivan to submit to a blood

test "at least four to six times," Sullivan did not expressly consent or refuse and instead responded, "I don't know." Eventually, the officer determined that Sullivan would not submit, and he then issued a civil notice of intent to revoke Sullivan's operating privilege under § 343.305(9)(a).

¶5 Sullivan timely requested a refusal hearing under WIS. STAT. § 343.305(10)(a), and the hearing was set for November 28, 2022. The week before the hearing, Sullivan attempted to obtain representation, but was unsuccessful. Sullivan sought a continuance but the circuit court denied Sullivan's request.

¶6 During the hearing, Sullivan testified that he had not been able to "think straight" due to his diabetes-related high blood sugar levels, and that he was therefore not able to comprehend the officer's request that he submit to chemical testing. The circuit court found that Sullivan's failure to expressly consent or refuse was "evasive," and it determined that Sullivan's conduct constituted a refusal. The court entered a revocation judgment, which Sullivan appeals.

## DISCUSSION

¶7 As noted above, Sullivan contends that he did not unlawfully refuse to submit to chemical testing, and that the circuit court erroneously denied his request for a continuance of the refusal hearing. I address these two arguments in turn, referencing additional facts as necessary.

## I.

¶8 When a law enforcement officer arrests a person for an OWI-related offense, the officer may seek to obtain a sample of the person's blood, breath, or urine for chemical testing. WIS. STAT. § 343.305(3)(a). To that end, the officer

reads the statutory Informing the Accused script, § 343.305(4), and the person must take or refuse the test "promptly," **State v. Neitzel**, 95 Wis. 2d 191, 205, 289 N.W.2d 828 (1980). A refusal need not be express and can be implied from conduct. **State v. Reitter**, 227 Wis. 2d 213, 234-35, 595 N.W.2d 646 (1999).

¶9 If the person refuses to submit to chemical testing, the person is informed of the State's intent to immediately revoke their operating privileges, WIS. STAT. § 343.305(9)(a), and that they may request a refusal hearing in court, § 343.305(9)(a)4. The issues that a defendant may raise during a refusal hearing are limited by statute to those set forth in § 343.305(9)(a)5. One of the issues that may be raised is "[w]hether the person refused to permit the test." *See* § 343.305(9)(a)5.c. As an affirmative defense in a refusal proceeding, a defendant may show "by a preponderance of evidence that the refusal was due to a physical inability to submit to the test due to a physical disability or disease unrelated to the use of alcohol, controlled substances, controlled substance analogs or other drugs." **Id.** By contrast, "subjective confusion" about the Informing the Accused script is not recognized as a defense. **Reitter**, 227 Wis. 2d at 229.

¶10 "The application of the implied consent statute to found facts is a question of law that we review *de novo*." **State v. Rydeski**, 214 Wis. 2d 101, 106, 571 N.W.2d 417 (Ct. App. 1997). A circuit court's "[f]indings of fact shall not be set aside unless clearly erroneous." WIS. STAT. § 805.17(2).

¶11 Here, Sullivan contends that the circuit court erred by determining that he unlawfully refused a blood test because Sullivan established the affirmative defense set forth in WIS. STAT. § 343.305(9)(a)5.c. Sullivan argues that his failure to expressly consent to or refuse the blood test was due to a diabetic episode causing high blood sugar levels and a loss of comprehension, and was therefore

due to a "physical disability," satisfying § 343.305(9)(a)5.c. This argument fails for at least two reasons.

¶12    First, Sullivan's argument neglects crucial language in WIS. STAT. § 343.305(9)(a)5.c. To prove that affirmative defense, a defendant must show more than that the refusal was in some way related to a "physical disability or disease." The defendant must show "that the refusal *was due to a physical inability to submit to the test*," and that the physical inability was *"due to a physical disability or disease unrelated to the use of alcohol." **Id.** (emphasis added). Sullivan argues that he "establish[ed] a physical disability" at the refusal hearing, but even assuming that to be so, it does not suffice—Sullivan must also show that this disability caused a "physical inability to submit to the test." Here, at best, Sullivan has established that he did not comprehend the Informing the Accused script as a result of his high blood sugar level, his high blood alcohol concentration, or some combination of those factors. Sullivan fails to offer any argument, or identify any facts in the record, to show that his diabetic episode caused a "physical inability" to submit to a blood test.

¶13    Second, Sullivan does not explain why the circuit court was required to credit his testimony that, due to diabetes-related loss of comprehension, he was unable to either consent to or refuse the blood test. The court appeared not to find Sullivan credible on this point, describing Sullivan's nonresponses as "evasive." I defer to express and implicit credibility findings of the circuit court unless those findings are "based upon caprice, an [erroneous exercise] of discretion, or an error of law." ***Jacobson v. American Tool Cos**., 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998) (quoted source omitted).

¶14    Here, the record shows that Sullivan is diabetic and that Sullivan's blood sugar levels around the time of the arrest were "in the 300s." However, no expert testimony was introduced at the hearing as to the effect that such blood sugar levels could have on a person's comprehension. The sole evidence in the record that Sullivan's blood sugar level caused his failure to respond to the officer's request is Sullivan's own testimony, and other evidence in the record could reasonably call this testimony into question. Around the same time that Sullivan gave evasive answers to the officer's request for a blood test, Sullivan responded to the officer's other requests by consenting to a PBT and refusing to perform certain field sobriety tests, suggesting that Sullivan had some functional level of comprehension at that time. Additionally, Sullivan's high blood alcohol concentration (more than double the normal legal limit as indicated by the PBT) suggests that intoxication, rather than a diabetic episode, could have been the reason for any loss of comprehension Sullivan was experiencing at that time. Sullivan has not persuaded me that the circuit court was required to credit Sullivan's explanation for failing to expressly consent or refuse, and I do not disturb the circuit court's implicit determination that Sullivan's explanation was not credible.

¶15    For the above reasons, Sullivan has not shown that the circuit court erred in determining that Sullivan unlawfully refused to submit to a blood test.

## II.

¶16    I turn to Sullivan's argument that the circuit court erroneously denied his request for a continuance. A circuit court's decision to grant or deny a continuance is discretionary, and is set aside only if the court erroneously exercised its discretion. ***Rechsteiner v. Hazelden***, 2008 WI 97, ¶28, 313 Wis. 2d

542, 753 N.W.2d 496. I will uphold a circuit court's decision denying a continuance if my "review of the record shows that the circuit court in fact exercised discretion and there is a reasonable basis for its decision." *L.M.S. v. Atkinson*, 2006 WI App 116, ¶18, 294 Wis. 2d 553, 718 N.W.2d 118.

¶17 The following facts are pertinent to Sullivan's continuance request. The arrest occurred on October 18, 2022. The notice of intent to revoke Sullivan's operating privilege was issued the same day, and he timely requested a refusal hearing. By notice issued on November 2, a hearing was set for November 28, which was the Monday after Thanksgiving. Sullivan began to seek an attorney the week before the hearing. However, the attorney Sullivan wished to retain was on vacation at the time, and Sullivan did not retain that attorney or any other prior to the hearing.

¶18 On Wednesday, November 23, the day before the Thanksgiving holiday, Sullivan submitted a letter to the circuit court requesting a continuance of the hearing. There is no indication in the record that the court or the prosecutor reviewed Sullivan's written request before the hearing, and the court did not act on the letter prior to the hearing.

¶19 On Monday, November 28, Sullivan appeared at the refusal hearing pro se. The prosecutor was ready to proceed with the State's case, and the arresting officer was present in court to offer testimony. Sullivan requested a continuance to obtain counsel, explaining that he attempted to do so the week before but had been unsuccessful. The circuit court informed Sullivan that he had no constitutional right to counsel at the hearing. *See State v. Krause*, 2006 WI App 43, ¶¶11-12, 289 Wis. 2d 573, 712 N.W.2d 67 (refusal hearings are civil, rather than criminal, proceedings, and the constitutional right to counsel does not

attach). The court asked why Sullivan had waited until Thanksgiving week to reach out to an attorney, and Sullivan responded that he had not wanted "to pay for a lawyer" and initially intended to proceed pro se, but that he had changed his mind. The court denied Sullivan's continuance request.

¶20 Sullivan argues that the circuit court erroneously exercised its discretion because it did not adequately explain its reasons for denying the request. According to Sullivan, the court was required to expressly consider certain factors articulated by Wisconsin courts as relevant to a continuance request, which include "(1) the length of the delay requested; (2) whether the lead counsel has associates prepared to act in his absence; (3) whether other continuances had been requested and received; (4) the convenience or inconvenience to the parties, witnesses, and the court; and (5) whether the delay seems to be for legitimate reasons." *Rechsteiner*, 313 Wis. 2d 542, ¶93.

¶21 Sullivan is correct that Wisconsin courts have identified these factors as potentially relevant considerations when evaluating continuance requests. However, Sullivan cites no authority for the proposition that a circuit court erroneously exercises its discretion unless it gives express on-the-record consideration to each of the factors identified in the *Rechsteiner* opinion. Continuance requests are commonplace and situation-dependent occurrences, and for any given request, a circuit court might find that some of the factors listed in *Rechsteiner* are especially compelling while others have limited or no application. Here, for example, the second factor ("whether the lead counsel has associates prepared to act in his absence") has no application, because Sullivan was not represented by an attorney. Conversely, the fourth factor (the "inconvenience to

the parties, witnesses, and the court") is especially compelling due to the last-minute nature of Sullivan's request.[2]   Moreover, the factors identified in *Rechsteiner* are nonexclusive, and a court may also consider any "[o]ther relevant factors" in deciding whether to grant or deny a continuance. *State v. Wollman*, 86 Wis. 2d 459, 470, 273 N.W.2d 225 (1979).   In this case, such additional considerations include Sullivan's delay in seeking counsel until the last minute and the fact that Sullivan had no legal right to an attorney at the refusal hearing.

¶22     In any event, Sullivan's argument that a circuit court must expressly consider each factor is inconsistent with the principle that appellate courts may "look for reasons to affirm the [circuit] court's [discretionary] decision, even if its reasoning could have been explained more fully." *State ex rel. Wren v. Richardson*, 2019 WI 110, ¶39, 389 Wis. 2d 516, 936 N.W.2d 587.   Here, the record shows that the circuit court had a reasonable basis for denying Sullivan's continuance request.   Sullivan delayed seeking counsel until the week before the refusal hearing, and the sole reason that Sullivan gave for his delay is that he was hesitant to pay for an attorney.   It was unreasonable for Sullivan to expect to timely obtain counsel on such short notice, particularly because that was the week of the Thanksgiving holiday.   At the hearing, Sullivan sought a continuance to

---

[2] Sullivan asserts that the letter he filed on the Wednesday before the Thanksgiving holiday "would have limited any inconvenience."   I am not persuaded.   According to the representations in that letter, the prosecutor had already left the office by the time the letter was filed.   Given the holiday weekend, it is not at all clear that the circuit court or the prosecutor would have had a realistic opportunity to review the letter in advance of the scheduled hearing that coming Monday, much less a meaningful chance to consider the continuance request.   It would have been irresponsible for the prosecutor to attend the hearing without his witness in reliance on Sullivan's request, given that the court had discretion to deny the request, at which point the court would expect the prosecutor to be prepared to present the State's case.   Under these circumstances, Sullivan's letter constitutes a last minute request that did not limit the inconvenience to the prosecutor, the witness, and the court, even though Sullivan filed the letter five calendar days before the hearing.

obtain counsel, but at that time, the court, the State, and the State's witness were present and ready to proceed. Sullivan had no legal right to counsel at the hearing, and Sullivan presented no compelling reason for his delay in seeking counsel, or for his failure to request a continuance until the last minute.

¶23 Accordingly, I conclude that the circuit court had a reasonable basis to deny Sullivan's continuance request and that Sullivan has not shown that the court erroneously exercised its discretion.

## CONCLUSION

¶24 For all of these reasons, I reject Sullivan's arguments and affirm the revocation judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.